### CHURCH *vs.* BULL and wife.

Where a testator devised all his real and personal estate to his wife *during her life*, or so long as she should remain his widow, and after her decease or remarriage, to his children; and the widow, having survived him, entered and occupied under the will for several years and then married a second husband; *held*, that she was entitled to dower.

The widow's claim of dower is regarded with favor by the courts, and she will not be deprived of it by accepting a testamentary provision in her favor, where it is doubtful whether or not the testator intended she should have both. *Per* WALWORTH, *Chancellor.*

To compel her to elect between dower and a testamentary provision where the testator has not in terms declared his intention that she shall be confined to one, the other provisions of the will must be *totally inconsistent* with the claim of dower. *Per* WALWORTH, *Chancellor.*

A devise to others of all the testator's real estate is not necessarily inconsistent with the right to dower, as such a devise is to be understood as subject to all lawful 전 the upon the land including dower. *Per* WALWORTH, *Chancellor.*

On error from the supreme court. The action in the court below was ejectment brought by Bull and wife against Church, for the dower of Mrs. Bull in lands of which a former husband was seized during their coverture. The plaintiffs had a verdict, which the defendant moved, upon a bill of exceptions, to set aside; but the motion was denied, and judgment was rendered for the plaintiffs, upon which the defendant brought error to this court. The facts proved, together with the opinion of the court appear in the report of the case in 5 *Hill*, 206. The case was argued here by

*H. M. Romeyn & M. T. Reynolds*, for the plaintiff in error.

*J. A. Spencer*, for the defendants in error.

THE CHANCELLOR. The testator, in this case, devised his real and personal estate to his wife during her widowhood, and after her death or remarriage he gave all his property, except some small legacies which were bequeathed to his daughters, to his three sons. But he did not state in his will that he intended this provision for his wife, during her widowhood, to be in

Church *v.* Bull.

lieu of her dower in his real estate after the determination of such provision, by her remarriage. And the only question for our consideration now is, whether the disposition of his real estate after her remarriage, is so inconsistent with her enjoyment of dower therein subsequent to that time, as to deprive her of such dower, and to leave her wholly unprovided for in case she should remarry.

There is no natural equity in the principle which gives to the husband the right to dispose of his whole personal estate, the joint earnings of himself and wife, to her exclusion; nor in that which gives him the power to dispose of the whole real estate except the use of one-third thereof during the life of the wife. Hence the courts have always been astute in protecting the widow's right to the small pittance which the rules of the common law had given to her in the estate of her husband after his death. Hence, as Lord Bacon stated nearly two hundred and fifty years since, the tenant in dower was so much favored in the courts that at that early period it had become "the common byword in the law, that the law favoreth three things, life, liberty and dower." (*Bac. Read. on the Stat. of Uses*, 38; *Jenk. Rep. 7 Cent. Ca.* 16.) The right of dower being a legal right, and thus favored by the courts, the wife cannot be deprived of it by a testamentary disposition in her favor, in the nature of a jointure, so as to put her to her election, unless the testator has declared the same to be in lieu of dower, either in express words or by necessary implication. In the cases of *Fuller* v. *Yates*, (8 *Paige's Rep.* 325,) and of *Sandford* v. *Jackson*, (10 *id.* 266,) I had occasion to examine most of the cases on this subject which had then been decided, and I then concluded, as the result of all the cases in this state and in England, that the settled rule of law was, that to compel the widow to elect between the dower and a provision made for her in the will where the testator had not in terms declared his intention on the subject, it was not sufficient that the will rendered it doubtful whether he intended that she should have her dower in addition to that provision; but that to deprive her of dower the terms and provisions of the will must be totally inconsistent

with her claim of dower in the property in which such dower was claimed; so that the intention of the testator in relation to some part of the property devised to others would be defeated if such claim was allowed. And in the last case, which was the same as this, except that the widow in that case was entitled to the whole real estate, even after her remarriage, while any of the children continued to be' minors, it was decided that her claim for dower in the one-third of the real estate, subsequent to the termination of her particular estate in the whole of the same, was not necessarily inconsistent with a general devise of the whole of his property to his children after that time. Since that decision was made, the case of *Ellis* v. *Lewis*, (3 *Hare's Rep.* 310,) came before Vice Chancellor Wigram, in England, and was decided in favor of the widow upon the same principle. He there says, "I take the law to be clearly settled at this day that a devise of lands *eo nomine* upon trusts for sale, or a devise of lands *eo nomine* to a devisee beneficially, does not *per se* express an intention to devise the lands otherwise than subject to its legal incidents, *that of dower included.* There must be something more in the will, something inconsistent with the enjoyment by the widow of the dower by metes and bounds, or the devise standing alone, will be construed as I have stated." And in *Harrison* v. *Harrison*, (1 *Keen's Rep.* 768,) Lord Langdale says that *prima facie* the testator's farms, lands, and all his other real estate, must mean the real estate of which he had the power of disposing; which would be his real estate subject to lawful claims, and one of those claims would be the dower of his wife. Here the whole property is' devised to the widow during her widowhood. Of course no question of dower could arise while she continued a widow, as she was entitled to the possession of the whole during that time. And the subsequent devise of his whole real estate to his three sons is not necessarily inconsistent with an intention, on the part of the testator, that his wife should be left to her legal right of dower alone for her support, after the particular estate which had been devised to her had been determined, by her marriage.

In the language of the vice chancellor and master of the rolls

in the above cases, *prima facie* the devise of the testator's whole real estate to his three sons after that time did not *per se* express an intention to devise such real estate otherwise than subject to its legal incidents, one of which legal incidents was the widow's common law right of dower therein.

For these reasons I think we cannot deprive the wife of the testator of her dower in the lands of her deceased husband subsequent to her marriage, consistently with the settled rule of law on this subject; and that the judgment of the supreme court was right and should be affirmed.

On the question being put, "Shall this judgment be reversed?" the members of the court voted as follows:

*For reversal:* Senator DEYO.

*For affirmance:* The PRESIDENT, The CHANCELLOR, and *Senators* BACKUS, BARLOW, BEERS, BOCKEE, BURNHAM, CORNING, EMMONS, FAULKNER, FOLSOM, HAND, JOHNSON, LESTER, LOTT, PORTER, SEDGWICK, SMITH and TALCOTT—19.

Judgment affirmed.