Clark, administrator v. Griffith, executor.

## CLARK, Administrator *v.* GRIFFITH, Executor.

Unless a devise to the wife by the husband, either by express words, or by necessary implication, is intended in lieu of dower, the wife will not be compelled to elect which she will take, but is entitled to both.

If it is left in doubt whether it was the testator's intention that the wife should take the devise, in addition to her dower, she will not be put to her election.

D. D., who died without issue, devised to his wife for life, two hundred and forty acres of land, and twelve hundred dollars, to build her a house, and all his household and kitchen furniture, and after other bequests, directed that at the death of his wife, the real estate devised to her, should go to the minor heirs of J. D. The widow having deceased, an action was brought by her administrator against the executor of the husband, to recover one-half of the assets of the estate of the husband, to which it was alleged, the widow was entitled. The executor answered, denying the right of the widow, to one-half of the personal estate, setting up the will of the testator and its probate, and alleging that the widow approved of the provision made by the said will for her support. To this answer, the plaintiff replied, admitting the execution of the will, and averring that the said widow rejected the provision made for her by the will, and claimed her dower; that she relinquished all rights conferred upon her by the will; and that she never at any time, approved of the provisions of the same, respecting herself. Attached to this replication, were copies of the protest made by the widow to the county court, against the provisions made for her by the will, and of her petition for the assignment of her dower. The replication was demurred to, for the following reasons: 1. That the petition to the county court for dower, was insufficient to show, that the widow elected to take dower, and relinquished her rights under the will; 2. That the protest made to the county court did not amount to a relinquishment by her, of all rights conferred upon her by the will, which demurrer was sustained by the court.

*Held,* 1. That there did not appear to be any such inconsistency between the widow's claim for dower, and her right to the estate devised to her by the will, as should necessarily put her to an election between them.

2. That the court erred in sustaining the demurrer.

Section 1410 of the Code, in relation to the rights of the wife in the estate of a husband dying without issue, is intended to refer primarily to the estate of a person who dies intestate, without issue.

Where the husband dies without issue, and the estate, or part of it, is disposed of by will, the widow is not entitled to one-half of the estate.

The husband, though dying without issue, may, by his will, deprive his wife of all interest in his estate, except her dower, as allowed by law.

### *Appeal from the Warren District Court.*

THE plaintiff claims of the defendant, the sum of four thousand dollars, which he avers is one-half of the assets of the estate of David Demaree, deceased, in the hands of defendant, his executor, to which Susan Jane Demaree, the plaintiff's intestate, was entitled, as the widow of said David, he having died without issue. The defendant denies the right of the plaintiff, to the four thousand dollars, or any other sum; denies that Susan Jane Demaree, as widow, was entitled to one-half of the personal estate of her deceased husband, and avers that D. Demaree, at his death, left a will, by which he disposed of his estate, which will has been duly proved, and admitted to record, and by which he devised certain real estate to his said widow, for her life, and bequeathed to her the sum of twelve hundred dollars; and that after the death of said testator, the said Susan Jane approved of the provision made by the said will for her support. He denies that assets to the amount charged, have come to his hands as executor, and avers that there are claims against the estate still unsettled. To this answer the plaintiff replied, admitting the execution of the will, and averring that the said Susan Jane rejected the provision made for her by the same, and claimed her dower; that she relinquished all rights conferred upon her by the will; and that she never, at any time, approved of the provisions of the same, in respect to herself. Plaintiff further avers, that the debts against the estate are all settled, and that the amount claimed is in defendant's hands as executor. Copies of the protest made by the widow, to the county court, against the provisions made for her by the will, and of her petition and

Clark, administrator v. Griffith, executor.

application to said court, to have her dower set off and allotted to her, are made part of the replication, and attached thereto. To this replication, the defendant demurred, and assigned the following causes of demurrer :

1. That the petition of Susan Jane Demaree to the county court, to have her dower set off to her, is insufficient to show that she elected to take dower, and relinquished her rights under the will.

2. That her protest made to the county court against the provision made for her by the will, does not amount to a relinquishment by her, of all rights conferred upon her by the will. The demurrer was sustained by the District Court; and from this judgment the plaintiff appeals, and assigns for error, that the court sustained the demurrer to the replication.

*E. W. Eastman*, for the appellant.

*Trimble & Baker*, for the appellee.

STOCKTON, J.—David Demaree, by his will, after directing the payment of his debts, devises to his wife two hundred and forty acres of land, and bequeathed to her twelve hundred dollars, to build her a house, and all his household and kitchen furniture. He gives to his brother John, all his personal property in the state of Indiana. The remainder of his estate, personal and real, he directs to be sold, and the proceeds divided equally between the minor heirs of John Demaree, James M. Rice, and Samuel Demaree, except five hundred dollars to the American Bible Society. At the death of his wife, he directs that the real estate devised to her, shall go to the heirs of John Demaree. The defendant was appointed executor. The first question arising in the cause, is as to the sufficiency of the plaintiff's replication to defendant's answer. The District Court adjudged that this replication was insufficient, by reason of its not showing that Susan Jane Demaree, the widow, at the time of claiming her dower, had relinquished all rights conferred upon her by the will of her husband. The point made by the counsel to

that court, was, that the relinquishment should have been executed by her, with all the formalities requisite in the conveyance of an interest in real estate. And we gather from the record, that the court was of opinion, that such a relinquishment should have been signed and executed by her, and it not being shown by the replication that this had been done, it was insufficient, and the plaintiff not entitled to bring this suit.

This ruling of the District Court was erroneous. The conclusive reason why no such relinquishment was necessary, is to be found in the fact, that there does not appear to be any such inconsistency between the widow's claim for dower, and the right to the estate devised to her by the will, as should necessarily put her to an election between them. The allowing of both to stand, does not defeat, interrupt, or disappoint the other provisions of the will. Unless a devise to the wife, to be ascertained either from express words, or by necessary implication, is intended to be in lieu of dower, she will not be compelled to elect which she will take, but is entitled to both. If it is left in doubt, whether it was the testator's intention that she should take the devise in addition to her dower, she will not be put to her election. *Corriel* v. *Ham*, 2 Iowa, 556; *Church* v. *Bell*, 2 Denio, 430; *Adsit* v. *Adsit*, 2 Johns. 448; *Smith* v. *Kinskern*, 4 Ib. 9. In this view of the case, the question whether it was necessary for the widow to have made and executed a formal relinquishment of her rights under the will, at the time of entering her protest against it, and filing her petition to have her dower assigned her; as well as the question whether such protest and petition amount to such relinquishment, in the sense in which the word is used in the statute, becomes immaterial, and it is not necessary for us to decide it. If she was entitled to the devise in addition to her dower, she was not required to make any relinquishment of her rights under the will.

This much will perhaps be sufficient to dispose of the questions arising upon the demurrer as to the necessity of a formal relinquishment by the widow. Upon another ques-

Clark, administrator v. Griffith, executor.

tion which has been urged in the argument, as to the quantity of interest in the personal estate the plaintiff is entitled to recover, it may be proper for us to give our views. The plaintiff claims to be entitled to recover one-half of the personal estate of the decedent, he having died without issue. This claim is based upon section 1410 of the Code. We do not think this section applies to the present case. Taking it in connection with section 1408, we think it is intended to refer primarily to the estate of a person who dies intestate, without issue. Where the estate, or part of it, is disposed of by will, the widow is not entitled to one-half. The husband, though dying without issue, may by his will deprive his wife of all interest in his estate, except her dower, as allowed by law. If a portion of the estate remain undisposed of by will, the question whether she is entitled to any part of it, and if so, to what part, does not necessarily arise in this case, and is not decided. If no part is disposed of by will, and the husband dies without issue, one-half goes to his widow. In such case, however, she takes it by inheritance, as heir, rather than as her dower as a widow. In this case, David Demaree, by his will, disposed of all his estate. The widow was therefore entitled to but one-third of the personal estate, as her dower, after the payment of debts.

Some question is made in the argument, as to the sufficiency of the petition, and as to right of the plaintiff to bring this suit against the defendant as executor, without alleging that his accounts had been settled by the county court, and the amount remaining in his hands ascertained. The petition seems to us to be inartificially drawn, and with less distinctness of averment than we should ordinarily feel disposed to excuse. As it was not demurred to, however, and is in some degree helped out by the averment of the replication, it may be allowed to be sufficient. But as the judgment must be reversed, and the cause go back for further hearing in the District Court, we suggest that the merits of the cause, and the ends of justice, may be more satisfactorily arrived at by a repleader, which we recommend to both parties.

Judgment reversed.