Cole, Ch. J.
i. Tui: tion of widow, I. There are, really, but two points involved in this controversy. The defendants claim that Thomas Hayward made a will, and that after' his death his widow, under whom the plaintiff claims, elected to take according to and under the will, whereby her right of dower was abandoned and lost. The *333 alleged will is very brief, is dated September 2, 1850, about tbe time of tbe testator’s death, and is as follows:
“ I give and bequeath to my beloved wife, Harriet Hayward, all my estate, consisting of 170 acres of land, together with all my personal property (after paying my debts), during her life, or so long as she remains my widow. And if she should be disposed to sell the estate and improve other lands, she is at liberty to do so; and at her death or marriage the estate is to be equally divided between my heirs.”
tro. bate record, This alleged will was found in the proper probate office, with the papers of the estate and the affidavits of the subscribing witnesses, but there was no order or record of probate thereof. Defendants called as a witness the person who was probate judge of Scott county in 1850, and offered to prove by him that the will was presented, approved, and ordered recorded as such. This testimony, on plaintiff’s objection, was excluded. Defendants then asked for a postponement of the trial, in order to allow them time to have the probate record corrected so as to show the regular probate of the will, and made a showing by affidavits therefor. This also was refused, on the plaintiff’s objection.
The correctness of these rulings is vigorously assailed by argument, well fortified by citation of authorities. But we do not stop to pass upon them, for we hold that, if the will had been regularly admitted to probate and admitted as evidence in this case, and the election of the widow to take under the will had been fully shown, such facts would not defeat her right of dower. This precise point was so ruled by this court in Corriell v. Ham, 2 Iowa, 552, where the language of the will was almost literally the same as in this case. Such is true also of the cases of Bull v. Church, 5 Hill, 206; S. C., 2 Denio, 432. See also O'Ferrall v. Simplot, 4 Iowa, 381; Fuller v. Yates, 8 Paige, 325; Sanford v. Jackson, 10 id. 266; Ellis v. *334 Lewis, 3 Hare, 310; Harrison v. Harrison, 1 Keen, 168.
3. dower: imitations, II. The other question arises upon the defense of the statute of limitations. The facts as shown by the testimony are, substantially, that Thomas Hayward died in 1850; the widow married in 1852, but continued to live with her children and her second husband upon the premises till the fall of 1856; when she left the premises she took some of the children with her, and continued to receive a part of the rents for-several years, but it is claimed, and such is the weight of the evidence, that the same was paid her for support of the children. There is no showing, however, that any one denied her right of dower in the property till 1863, and some of the deeds under which defendants claim purport to convey the “ interest only” of the heir grantor. It is clear to us, that, under the well-settled rule of this court, the defendants have not shown the plaintiff’s claim to be barred by the statute. The general statutes of limitation apply, and begin to run as against the dowress or her assignee, and in favor of the heir or his assignee when, aud only when, he either denies the right of dower or does some act equivalent to such denial. That the limitation of ten years from the husband’s death applies only to proceedings in county courts, see Rice v. Nelson, 21 Iowa, 148, and authorities there cited by Dillon, Oh. J. There was no prior adjudication.
Affirmed.