Watrous v. Winn.

WATROUS v. WINN *et al.*

**Will:** IN LIEU OF DOWER.   A devise by the testator to his wife of one-third of all his real and personal estate, with the residue to his children, does not bar the wife's right of dower.   Following *Metteer* v. *Wiley*, 34 Iowa, 214; *Sully* v. *Nebergall*, 30 id. 341.

*Appeal from Dallas Circuit Court.*

THURSDAY, SEPTEMBER 18.

THE plaintiff, widow of Andrew M. Watrous, deceased, filed her petition for the admeasurement of dower, in the realty of which her husband died seized.   Attached to the petition is a copy of the will executed by Andrew M. Watrous.

Respecting the personal estate, this will contains the following provisions:

" I first give and bequeath unto my beloved wife, Matilda Watrous, the one-third part thereof, to be first paid to her for her own use forever.

" I next will and bequeath and direct that one thousand dollars be raised therefrom, and that the same be paid over to my daughter, Martha Watrous, for her own use and benefit forever.

" I next will and bequeath and direct that there be raised from my said personal effects, the sum of three hundred dollars, to be held and retained by my executors, hereinafter named, in trust for the education of Flora Watrous, daughter of my son, Phineas Watrous, to be by them applied and ex-

pended in such sums and in such manner as to them may seem best in the education of said Flora Watrous. I further will and direct that if, from any cause now unforeseen, there should not be sufficient of my personal effects to raise the said sum of one thousand dollars, herein bequeathed to my said daughter Martha, or the said sum of three hundred dollars, herein bequeathed in trust for the education of my granddaughter, Flora Watrous, that then, and in such event, I direct that a sufficient portion or amount of my real estate may be sold, after deducting the interest therein, hereinafter bequeathed to my beloved wife, Matilda Watrous, therefrom, as will raise the deficiency in said sums, or either of them, and that when said sums are so raised, they be paid over and held as hereinbefore directed."
* * * * *

" And, as touching my real estate of which I may die seized, I hereby will, bequeath and devise as follows, viz. : First of all I give and devise to my beloved wife, in case she shall survive me, the one-third part of all my real estate of every kind and nature, whether legal or equitable, to be first of all set apart by my executors to my beloved wife, Matilda Watrous, in fee simple, out of such part of my real estate as she may at that time direct, to be determined by value and not by acres.

I next will and devise all of the residue of my real estate that I may own at the time of my death, whether legal or equitable, to my children, Phineas Watrous, Hannah Winn, Mary Roop, and my daughter Julia Delong. Some for life with remainder over, as hereinafter set forth, and others in fee simple." * * * * *

The petition alleges that the executors have paid to Martha Watrous out of the personal effects, the said sum of $1,000, and that they hold in trust for Flora Watrous the said $300 according to the terms of said will ; that the claims due by said estate and allowed by the court amount to $72, and that for the payment of these debts and distribution under the will the executors have of the personal effects, in their hands, $2,882.15.

Petitioner states that she does not waive or relinquish any

of the provisions made in said will for her benefit, and that she claims her right of dower in said estate independent of the provisions of said will.

A demurrer to this petition was overruled, and, the defendants declining to further plead, judgment was rendered for plaintiff. Defendants appeal.

*J. Perkins* and *Henry Jayne* for the appellants.

*S. A. Colbert* for the appellee.

DAY, J. — The question presented by this appeal is not *res nova.* In *Sully* v. *Nebergall,* 30 Iowa, 341, it was held that a will bequeathing to the wife of the testator all his estate, both real and personal, during her life or widowhood, and directing that at her death or marriage the estate be equally divided between the heirs of the testator, did not defeat the widow's dower, upon her election to take under the will. It is true that when the will in that case construed was executed and when the testator died the dower was but a life estate. And in this regard that case differs from this. But in *Metteer* v. *Wiley,* 34 Iowa, 214, it was held that a bequest of all the real and personal property of the testator to his wife during her life, and directing that at her death the same be divided among the children of the testator, was not in lieu of dower, although the dower was then as now an estate in fee. This case seems to be fully decisive of the present. See, also, *Adsit* v. *Adsit,* 2 Johns. Ch. 448 ; *Smith* v. *Kniskern,* 4 id. 9 ; *Lewis* v. *Smith,* 9 N. Y. 502; *Clark* v. *Griffith,* 4 Iowa, 405; *Coriell* v. *Ham,* 2 id. 552; *Bull* v. *Church,* 5 Hill, 206.

The direction that a portion of the real estate be sold in case the personal effects proved insufficient to raise the sums bequeathed to Flora and Martha Watrous does not, it seems to us, affect the construction of the will, at least under the facts averred in the petition. From the structure of the will it appears that the insufficiency of the personal effects to raise these bequests was regarded as a mere contingency against

which it was thought proper to provide. It was regarded as a contingency not likely to arise. The language of the will is, " if from any cause now unforeseen there should not be sufficient," etc.

The petition alleges that from the personal effects Martha Watrous has been paid the $1,000 bequeathed to her, and the executors hold in trust $300 for Flora Watrous according to the terms of the will.

Thus it is rendered certain that the contingency requiring a sale of any portion of the real estate never can arise.

The action of the court overruling the demurrer is in harmony with the prior rulings of this court and is

Affirmed.