Snyder v. Miller, Ex'r, et al.

SNYDER v. MILLER, EX'R, ET AL.

1. **Will:** CONSTRUCTION OF: PROVISION FOR WIFE—WHETHER IN LIEU OF DOWER OR NOT: RULE OF CONSTRUCTION IN SUCH CASES. Unless a devise to the wife, to be ascertained either from express words or by necessary implication, is clearly intended to be in lieu of dower, she will not be compelled to elect which she will take, but will be entitled to both. But in this case, where the testator in the second paragraph of his will gives certain property to his wife by description, and in the third, fourth and fifth paragraphs gives certain legacies, and in the sixth paragraph disposes of all the residue of his property without description, and then, in the seventh paragraph, provides for the sale of all the remainder of his real estate for the purpose of carrying out the devises named in the sixth paragraph, *held* that the manifest intent of the testator would be defeated by allowing the widow to take the portion given her by the will, and also one-third of the real estate not devised to her. See copy of will set out in opinion.

*Appeal from Van Buren District Court.*

THURSDAY, OCTOBER 22.

THE plaintiff is the widow of Jacob Snyder, deceased, who made his last will and testament in January, 1880, and died in the month of August, 1883. It is claimed in the petition that the provisions in the will for the plaintiff were not intended to be in lieu of her dower or distributive share in the estate, and the demand is made that one-third of that part of the real estate not devised to her be set apart as her distributive share. The defendants, who are the children and heirs of the testator and devisees under the will, contest the right of the plaintiff to take under the will and also one-third of the residue of the estate. The cause was submitted to the court below upon a demurrer to the answers of the defendants. The court sustained the demurrers, thereby sustaining the claim of the plaintiff. Defendants appeal.

*Lea, Wherry & Walker* and *McCrary & Hagerman,* for appellants.

*Robert H. Starr* and *Sloan, Work & Brown,* for appellee.

ROTHROCK, J.—The will was admitted to probate on the thirteenth day of November, 1883, after due and legal notice of the provision therein made for the plaintiff was given to her by the other parties interested therein, and the plaintiff failed to consent thereto of record as required by section 2452 of the Code. She demands that, if it be found that the provision made for her by the will is not in addition to her dower-right of one-third in value of the real estate, but that it is inconsistent therewith, there be set apart and admeasured to her one-third in value of all the real estate of which her husband died seized. The question presented requires a construction of the will, and to the end that our construction of the instrument may be properly understood, it is necessary that it be set out in the opinion. It is as follows:

"I, Jacob Snyder, of the city of Keosauqua, Van Buren county, being of sound and disposing mind, but weak and frail in body, do hereby constitute and make this my last will and testament, hereby revoking all or any former wills by me made.

"1st. I desire that all my just debts and funeral expenses be paid out of any money I may have on hand at my death, and if I should have no money on hand at that time, then out of my personal property that I may leave.

"2d. I will and bequeath to my beloved wife, Martha Jane Snyder, if she shall survive me, our homestead, situated in block seventy-five, (75,) in the city of Keosauqua, Iowa, with all appurtenances thereto belonging; also the south half of the south half of the southwest quarter of section nineteen, (19) township sixty-nine, (69,) of range nine, (9,) in Van Buren county, to have and to hold absolutely in fee-simple;

also the N. W. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ of section thirty-five, (35,) township sixty-nine, (69,) range ten, (10,) to use doing her lifetime as she may see fit. I also give and bequeath unto my beloved wife, aforesaid, the residue of my personal property after the payment of my debts, save and except notes and judgments which I desire to make other disposition of hereafter.

"3d. I give and bequeath to my son Raymond B. Snyder the sum of three hundred dollars to assist him in obtaining an education to qualify him to enter some profession, and I desire that his mother, Martha Jane Snyder, be made his guardian to carry out this bequest.

"4th. I give and bequeath to my son Doras Lincoln Snyder the sum of one hundred dollars out of the proceeds of the sale of my land as hereinafter provided.

"5th. I give and bequeath to my daughter Ione E. Snyder, and to my sons Cassius S. Snyder and Elmer S. Snyder, to each the sum of one dollar.

"6th. The residue of my property, both personal and real, I give and bequeath as follows: To each of my five children hereinafter named one-fifth part, to-wit: Mary Jane Betts, of Belleville, Illinois, one share; Rebecca Margaret Mahon, of Philadelphia, Penn., one share; Frances Elizabeth Porter, of Tuscarawas county, Ohio, one share; George Edmond Snyder, residence not known, one share; Raymond Beecher Snyder, Keosauqua, one share; with this further stipulation and restriction as to Rebecca Margaret Mahon's share in the above distribution, that, in case of her death without heirs of her own body, the estate hereby granted to her shall revert and be distributed equally among the remaining four children in the above class; and in case George Edmond Snyder shall never be found, or in the event of his death without issue, his share, as above, shall revert to the other four in the above class, share and share alike, with the same restriction as to the share of Margaret Mahon as above specified.

"7th. I hereby appoint Henry Miller      *      *      * my executor of this my last will and testament, and I desire

that my real estate of which I may die seized, which is not herein otherwise disposed of, be sold and converted into money, and that my mortgages and judgments be collected and distributed as by the sixth clause hereof specified, except so much as may be necessary to pay the special legacies herein granted, and expenses of executing this will; but I desire that my farms in Chequest township be held until they can be sold for at least eighteen dollars per acre."

This will disposes of all the property of the testator, both real and personal.

By the second paragraph certain property is devised to the wife. The third, fourth and fifth paragraphs provide for specific legacies to the persons therein named. By the sixth paragraph the residue of the property of the testator is disposed of to the persons therein named. In the seventh paragraph, after the appointment of an executor, there is a direction that all the real estate *which is not herein otherwise disposed of* be sold and converted into money, and mortgages and judgments collected and distributed as by the sixth clause of the will, except so much as may be necessary to pay the special legacies. We are required to determine whether the claim made by the widow, that she is entitled to the devises contained in the second paragraph, and to one-third in fee of all the residue of the real estate, is so repugnant to and inconsistent with the will that to allow both claims to stand would defeat the provisions of the will. As it is stated in *Corriell v. Ham*, 2 Iowa, 552, "the claim of dower must defeat or interrupt or disappoint some provision of the will;" and, as it is stated in *Clark v. Griffith*, 4 Iowa, 405, "unless a devise to the wife, to be ascertained either from express words or by necessary implication, is intended to be in lieu of dower, she will not be compelled to elect which she will take, but will be entitled to both. If it is left in doubt whether it was the testator's intention that she should take the devise in addition to the dower, she will not be put to her election." And see, also, *Church v. Bull*, 2

Denio, 430; *Adsit v. Adsit*, 2 Johns, Ch., 448; and *Smith v. Kniskern*, 4 Johns, Ch., 9.

There have been quite a number of cases in this court, in addition to those above cited, where the court has been called upon to determine whether, under a will, a wife is entitled to take both dower and the provisions made for her in the will. See *Cain v. Cain*, 23 Iowa, 31; *Metteer v. Wiley*, 34 Id., 214; *Watrous v. Winn*, 37 Id., 72; *Van Guilder v. Justice*, 56 Id., 669. In these, and possibly other cases which might be cited, this court has adhered to the rule above announced. We have not given the facts in any of the cases cited, because it is apparent that each case must be determined upon the facts as they appear in the record; that is, as no two of the wills construed in the cases are in the same language, and as no one of them is in the language of the will in the case at bar, we are required to apply the rule to this case, and can receive but little aid from any adjudged case.

We are to inquire what was the plain and obvious intent of the testator as to the share his wife should have in the estate. In other words, if the widow is allowed to take under the will, and in addition be endowed under the law, does such taking plainly defeat other provisions of the will? In our opinion, if she should be allowed to take one-third of the real estate not devised to her by the will, the shares of the persons named in the sixth paragraph would be one-third less than the testator plainly intended they should be. The manifest meaning of this will, as we understand it, is that the testator gives certain property to his wife by description, then he gives certain specific legacies, then he disposes of all the residue of his property without description, and then in the last paragraph he provides for the sale of all the remainder of his real estate for the purpose of carrying out the devises as to the persons named in the sixth paragraph. The sixth and seventh paragraphs must be construed together, because they both have reference to the residue of

the estate and the manner in which it is to be distributed. And the reference in the seventh paragraph to the real estate "not herein otherwise disposed of," means all of his real estate except such as is disposed of by description in the second paragraph.

We cannot adopt the claim of appellee's counsel that, in the direction to sell the real estate in the seventh paragraph, and in the disposition of the residue of his property in the sixth paragraph, the testator did not mean to dispose of all the real estate,—all of the property,—but only such interest in it as he owned, which was two-thirds; the one-third being the property of his wife. This construction appears to us to be strained and unnatural. He plainly directs the sale of the real estate,—the land,—and not any interest in the land. If he had intended to direct the sale of an undivided two-thirds of the land, he surely would have so stated.

Our conclusion is that, taking this will by its four corners, and giving it a plain, natural and common-sense construction, it is manifest that the testator intended the provision therein made for the plaintiff to be in lieu of dower or a distributive share, and to hold otherwise would, we think, defeat the intention of the testator, and in effect nullify his will.

REVERSED.