## IN RE ESTATE OF BLANEY.

1. **Will**: BEQUEST TO WIFE: WHETHER IN LIEU OF DISTRIBUTIVE SHARE OR NOT. A testator made bequests as follows: "*First.* I give and bequeath to my beloved wife the one-third of my estate;" and then follow bequests of different sums of money to certain named children, and the last clause of the will is as follows: "*Seventh.* I give and bequeath the remainder of my estate to be divided equally between my three daughters." The estate consisted wholly of personal property. *Held* that, since the will did not in terms, or by fair implication, show an intention of the testator to deprive his wife of her distributive share under the statute, she was not required to elect whether she would take under the will or under the statute, but that she was entitled to take under both. (See opinion for authorities.)

*Appeal from Jones Circuit Court.*

MONDAY, OCTOBER 24.

ACTION to obtain a construction of the will of James Blaney.

*Jamison & Mellett*, for appellant.

*Remley & Ercanbrack*, for appellee.

SEEVERS, J.—By his last will James Blaney made bequests as follows: "*First,* I give and bequeath to my beloved wife,

In re Estate of Blaney.

Elvira Blaney, the one-third of my estate;" and then follow bequests of different sums of money to certain named children, and the last clause of the will is as follows: "*Seventh*, I give and bequeath the remainder of my estate to be divided equally between my three daughters;     *     *     * and, *lastly*, I appoint my beloved wife, Elvira Blaney, my sole executrix of this my last will." The estate consisted wholly of personal property, and the question in the circuit court and here is whether the widow can take both the one-third devised to her in the will, and also the distributive share or dower allowed her by law. The circuit court held that she could take both, and the persons named in the last clause of the will appeal.

It was held in *Ward v. Wolf*, 56 Iowa, 465, that a widow was entitled to a dower or a distributive share of the personal property owned by her deceased husband. In *Snyder v. Miller*, 67 Iowa, 261, it is, in substance, said that unless a devise to a wife be ascertained, either by express words or a necessary implication, to be in lieu of a dower, she will not be compelled to elect which she will take, but will be entitled to both. In that case there was a specific devise of certain real estate to the widow, and it was held that the manifest intent of the testator would be defeated if the widow took the property specifically devised to her and in addition thereto the distributive share allowed her by law. We are unable to draw a distinction between the will in question and the one construed in *Daugherty v. Daugherty*, 69 Iowa, 677, in which it was held that the widow could take and hold a life-estate in all the real estate owned by her husband at his death, and also the distributive share allowed her by law in lieu of dower. In this case the widow may well take the one-third devised to her; also a distributive share of the estate. It cannot be supposed that her husband intended to deprive her of the latter, unless he so in terms has said, or it can be fairly so implied.

Following the case last above cited, we think the judgment of the circuit court must be                    AFFIRMED.