MARY LARKIN, Appellant, v. ELLEN McMANUS, Appellee.

| 81  | 723 |
| 90  | 541 |
| 81  | 723 |
| 112 | 219 |
| 81  | 723 |
| j129 | 433 |

1. **Pleading :** AMENDMENTS : TIME OF FILING. Permission to file an amendment to a pleading after the evidence is closed in a cause tried to the court, and the opening arguments of counsel for the respective parties have been made, will not be disturbed upon appeal when no abuse of discretion is shown.

2. **Will :** HOMESTEAD : ELECTION BY WIFE : PRESUMPTION FROM OCCUPATION. A will left by a husband gave to his wife one-third interest in his property, consisting of a homestead, and to his daughter the remaining two-thirds. The widow and her son, with the defendant, a daughter by another husband, occupied the premises until the widow's death, a period of nearly ten years, but there was some evidence that such occupation was not exclusive of the rights of the daughter owning the two-thirds under the will, though she did not reside there. Shortly before the widow's death she conveyed her interest in the property to defendant. *Held,* that the conduct of the widow did not amount to an election to take her homestead right under the statute, Code, section 2008, instead of under the will, and that the conveyance to the defendant passed an undivided third interest in the property.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

WEDNESDAY, JUNE 4, 1890.

ACTION at law for the recovery of real property. There was a trial by the court, and a judgment in favor of defendant. The plaintiff appeals.

*J. F. Smith,* for appellant.

*W. J. Roberts, Jas. C. Davis* and *P. J. Lomax,* for appellee.

ROBINSON, J.—Plaintiff claims to own in fee simple lot 12, in block 164, in the city of Keokuk, and to be entitled to the immediate possession thereof. The title to the lot was acquired by William Larkin in the year 1870. He occupied the lot as a homestead at the time of his death, in December, 1877. He had been married three times, and left surviving him the plaintiff, who was his daughter by his first wife, his third wife, and a son by his third wife. The defendant was a daughter of his third wife by a former husband. Larkin died testate. His will was duly probated on 'the twelfth day of June, 1878, and reads as follows: "I, William Larkin, * * * do make this my last will and testament, to-wit: That my wife, Ellen Larkin, shall have her one-third interest in my property, which consists of my homestead, on the corner of Eleventh and Morgan streets; and that my. daughter, Mary Jane, shall have the remaining two-thirds of same property * * *."

After the death of Larkin, his widow and son, the defendant, and another daughter of the widow, continued to make the property their home until the death of the widow, which occurred on the third day of June, 1886. On the twelfth day of May, 1886, the widow conveyed to defendant all her interest in said property. Two years after the death of Larkin, defendant went to her mother's home to take care of her. Since the death

of the widow the defendant and her brother, the son of Larkin by her mother, have continued to live in the property. The plaintiff worked away from home a part of the time after her father's third marriage, and since his death has worked away from home all the time excepting when she returned to it for short visits. The court found that plaintiff was the owner of an undivided two-thirds, and the defendant of an undivided one-third, of the property in controversy, and dismissed the petition of plaintiff at her costs.

I. The first answer of the defendant was a general denial of the allegations of the petition excepting as to the death of William Larkin. After the evidence had been fully submitted, and after the opening arguments for the respective parties had been made, the defendant filed what is termed an amended answer. That alleged that William Larkin left surviving him a son, who is still living ; that said son and plaintiff are the only heirs of said decedent ; that said son is the owner of an undivided one-sixth of the property in controversy, and that he is now occupying the same, and that defendant with his knowledge and consent is occupying it with him ; that defendant is the absolute owner of an undivided two-thirds of the property in controversy. On the same day, plaintiff moved to strike the amended answer from the files, on the ground that it presented a new issue, and was filed too late, but the motion was overruled. It does not appear that there was any abuse of the discretion vested in the court to permit amendments. Code, sec. 2689. The purpose of the amended answer was to conform the pleadings to the facts proved. There was no substantial change in the defense made, and no error in permitting the amendment.

1. PLEADING : amendments : time of filing.

II. The only property left by the testator was the homestead in question. His manifest intent as expressed by the will was to give his wife, in lieu of the rights provided by law, an undivided one-third of that property, and to plaintiff the remainder. Each devisee

2. WILL : homestead : election by wife : presumption from occupation.

was to take the estate given by the will at the same time; therefore, there is no room for holding that it was the intent of the testator to give to his wife an undivided one-third of the property in fee simple, in addition to the right which she might claim under the statute to occupy the premises as a homestead during her lifetime. Code, sec. 2008; *Snyder v. Miller*, 67 Iowa, 261; *Severson v. Severson*, 68 Iowa, 656. It does not appear that the widow ever consented to take under the will, in the manner prescribed by section 2452 of the Code. She continued to occupy the place as a home until her death, and, if there were nothing to show an abandonment before that time, it might be held that she elected to retain the homestead for life in lieu of a dower. *Darrah v. Cunningham*, 72 Iowa, 123, and cases therein cited. But there was some evidence tending to show that her occupation was not exclusive nor adverse to plaintiff; that the interest of plaintiff in the premises was recognized, and that she had the privilege of occupying them with her step-mother. The conveyance of the latter to defendant made in May, 1886, was effectual to convey her interest in the property, and necessarily terminated her homestead right. It was said in *Butterfield v. Wicks*, 44 Iowa, 310, in effect, that the continued occupation of the homestead by the surviving husband or wife might be regarded as evidence of an election to hold it as a homestead, and not a part of it merely as dower. And in *Conn v. Conn*, 58 Iowa, 748, it was said, that such occupation continued for more than ten years should be regarded as an election to take the homestead for life. In this case the occupation under claim of title was not continued for life, and had not continued ten years when the conveyance to defendant was made. We, therefore, conclude that the court might have found from the evidence that the widow had not elected to retain the homestead for life in lieu of her distributive share in the estate of her late husband, and that her deed to defendant was effectual to convey an undivided one-third of the property in controversy.

III. Objections are made to some of the evidence introduced. A part of that objected to was immaterial and might properly have been excluded, but it did not relate to any disputed fact material to the determination of the case, and its admission was not, therefore, prejudicial.

IV. It does not appear that defendant ever denied the title of plaintiff excepting perhaps in her amended and substituted answer, but nothing is claimed on account of that; therefore, under section 3248 of the Code, the plaintiff must fail.

The judgment of the district court is AFFIRMED.