W. W. PARKER, Appellee, v. ESTELLA M. HAYDEN, Appellant.

Wills: DEVISE OF LIFE ESTATE: DOWER: CONSTRUCTION. The devise by a husband to his wife of a life estate in certain described real estate, with remainder to his daughter, will not preclude the widow from claiming dower in such property, in addition to the life estate, unless the devise, by express words or by the clear and manifest implication of the terms of the will, be made in lieu of dower.

*Appeal from Cass District Court.*—HON. A. B. THORNELL, Judge.

TUESDAY, FEBRUARY 2, 1892.

THE plaintiff and J. W. Winslow, in his lifetime, were each the owner of an undivided one half of lot number 5 in block number 28 in the city of Atlantic. J. W. Winslow died testate, and the following are provisions of his will: "In addition to the homestead, viz., lots 1, 2, 3 and 4, in block 24 in the city of Atlantic, Cass county, Iowa, deeded by me to my beloved wife, Charlotte, R. Winslow, by deed bearing date the second day of January, 1886, and recorded in the Recorder's office of Cass county, Iowa, on the twenty-third day of May, 1887, I give and devise to my said beloved wife, Charlotte R. Winslow, all the income derived from the business property located on Chesnut street, known and described as follows, to-wit: 'The undivided half of lot number 5, block number 28, in the city of Atlantic, Cass county, and the state of Iowa,'—after deducting all taxes and all necessary repairs and insurance, for and during the term of her natural life; and at the death of my said wife the said above-described property in fee I hereby give and devise to my daughter, Estella M. Hayden; and, if she be dead, to her children, if any there be; and, if she does not have any children at her death, I hereby give and devise the said above-described property to my beloved brother and sister, George Winslow and Lucinda Lodwig, the same to be divided between them, share and share alike." Then follows a devise to his wife of one thousand dollars life-insurance money, due at his death from the Equitable Insurance Company of Iowa, and five thousand dollars insurance money, due at his death from the Masonic Benevolent Association of Central Illinois; also family horse, harness, phaeton and road cart. Then a devise

to his daughter of real estate, farm property of some two hundred and forty acres, and the undivided one half of lot 6, block 28, of Atlantic, Cass county, Iowa, and two thousand dollars insurance money due at his death from Mutual Life Insurance Company of New York. Then, after bequests are paid, the balance of his personal property be divided between his wife and daughter, share and share alike. This action on the part of the plaintiff is in partition, and asks that the lot or the proceeds thereof be divided, and that one half thereof be set apart to him. As to the plaintiff's rights there is no controversy. The issue on this appeal is between the widow and daughter, Estella M. Hayden. By pleadings each presents a claim, under the will, to the testator's share of the lot in question,—that of the widow being to a life estate under the will, and, in addition, one third of the value as her distributive share under the statute; that of the daughter being to the entire half of the lot after the life estate therein. The issue is presented by a demurrer to the claim of the widow for a dower interest. The district court overruled the demurrer, and Estella M. Hayden appeals. *Affirmed.*

*B. F. Johnson* and *Cole, McVey & Cheshire*, for appellant.

*Willard & Willard*, for appellee.

GRANGER, J.—We are required to determine whether or not the widow is entitled to both the life estate under the will, and the dower right under the law. It is conceded by the appellant that "the widow will be entitled to claim her dower right,—here an estate in fee,—in addition to the terms of the will, unless the bequests made therein are in lieu of dower, in words, or to that effect, or to be gathered from the will or established by clear and manifest implication of the terms thereof."

· The appellant seeks to distinguish this case
from other similar cases in this court as follows:
That, where all the property of the testator is devised,
the life estate to the wife and afterwards to be divided,
the taking of the dower does not at all interfere with the
will; but where the devise is of specific property to
the devisee, whether the property is devised in fee or
devised to be sold, in either case such devise bars
dower, for that dower cannot be taken without interr-
rupting or defeating some provisions of the will. There
is no express provision in this will against dower, and
under the uniform rule of this court it must be allowed
unless to do so "will be inconsistent with and will
defeat some of the provisions of the will." In the case
of *Daugherty v. Daugherty*, 69 Iowa, 677, the facts do
not bring it within the distinguishing rule claimed by
appellants. In that case there was a devise of a life
estate in all the real estate of the testator, and specific
devise of the remainder in certain described property
to his son. In this case the devise is specific, describ-
ing the particular property, both as to the life estate
and the remainder. It is not easy to see how the allow-
ance of dower could defeat or be inconsistent with
the provisions of the will in one case and not in
the other. The cases, so far as the principle contended
for is concerned, are identical; we discover no grounds
upon which this case can be distingushed from that or
the others on which that is made to depend.

It is, however, urged to us that by a manifest
implication the will on its face shows that the devise to
the widow was intended in lieu of dower. The argu-
ment is forcible, and it is not necessary that we should
attempt, from the standpoint of reason, to question it.
What might be the view of this court, as now organized,
with the question an original one, is quite immaterial
in the light of former decisions. The *Daugherty case*
ruled the point now before us as settled on authority.
The district court followed the line of authorities given

for its guidance, and, unless the former cases are to be overruled, our duty lies in the same direction, and must result in the judgment being AFFIRMED.