**B. F. HERR** *et al.*, Appellants, v. Wm. R. HERR *et al.*

**Election by Widow: Will.** Where a will devising a life estate to the wife contains no express words barring her dower, an intent to relinquish dower must be manifested; and remaining in possession for life is not sufficient to show such intent. (1)

**Mortgaging Dower.** The widow may, in equity, convey her dower interest before assignment, and, hence, may mortgage an undivided one third interest in all or any part of the real estate. (2)

*Appeal from  Cedar District Court.*—HON. J. H. PRES-
TON, Judge.

THURSDAY, MAY 10, 1894.

THIS is an action for the partition of certain real estate, and to cancel a mortgage upon the same, executed to the defendant, William King, by Margaret Herr, now deceased. There was a decree providing for the partition of the property as prayed, but it was held by the district court that the mortgage of King was a valid lien upon the land. The plaintiffs appeal— *Affirmed.*

*S. S. Wright* and *Milton Remley* for appellants.

*R. G. Cousins* for appellees.

ROTHROCK, J.—Christian Herr was the father of the plaintiffs. He died on the eleventh day of March, 1881, seized of the land in controversy. About a year before he died he made his last will and testament. After his death the will was duly admitted to probate, and, as the questions involved in this appeal arise upon the provisions of the will, we will set out so much of said instrument as will be necessary to a fair understanding of the matters in contention between the appellants and the appellees. The testator disposed of his estate as follows:

*Second.* "I give, devise, and bequeath to my wife, Margaret J. Herr, all my property, real and personal and mixed, of whatever kind, of which I may die seised, to have and to use to her own benefit during the time which she may remain my widow. If at any time she remarry, then whatever property may be remaining in her hands and possession shall be divided between her and my four children, or as many of them as may be living at that time, or if any should be dead, then to their heirs; my wife receiving one third of all property, moneys, and credits, etc., and the residue to be equally divided among my four children or their heirs, as above provided; no money or property to be paid to or delivered to any of my heirs until they have attained their majority. *Third.* In case my wife does not remarry, then at her death it is my desire that whatever there may be remaining of my estate shall be equally divided among my said children or their heirs, as above provided." The land devised by this will consisted of one hundred and forty acres. The widow of the testator occupied and used the land until her death, in the year 1890. While so in possession and occupancy of the land she made and executed a mortgage upon sixty acres thereof to the defendant King to secure the pay-

ment of some five hundred dollars. She died intestate, and no proceedings were had during her life to set off her distributive share or dower in the land. The question to be determined is, had she such an interest in the land that she could execute a mortgage thereon which would be a lien upon her dower interest? The district court decided that the mortgage was valid, and that it was a lien upon the undivided one third of the sixty acres described in the mortgage. The defendant King does not appeal, and we are not required to determine the question whether a widow may incumber by mortgage to the full extent of the value of a specific part of the real estate in which she has a dower interest.

The first objection to the decree by counsel for appellants is that the widow accepted the provisions of the will in lieu of dower, and that all of her interest in the land terminated with her death. There is no evidence of acceptance of the will in lieu of dower other than the fact that she remained in possession of the land. This is entirely consistent with the right to take under the law as well as under the will. The fact that she executed the mortgage in question tends to show that she did not intend to abandon or release her right to her dower interest. We think it must be held that she was entitled to dower in the land. She did not consent to accept the provisions of the will, as required by section 2452 of the Code. It has long been the settled rule in this state that, where there is no express declaration in the will barring the dower of the wife, the intention that it shall be barred must be deduced by clear and manifest implication founded on the fact that the claim of dower would be inconsistent with the will, or be so repugnant thereto as to defeat other provisions of the will. *Corriell v. Ham*, 2 Iowa, 552; *Sully v. Nebergall*, 30 Iowa, 339; *Metteer v. Wiley*, 34 Iowa, 215; *Clark v. Griffith*, 4 Iowa, 405; *Daugherty v.*

*Daugherty*, 69 Iowa, 677, 29 N. W. Rep. 778; *Parker v. Hayden*, 84 Iowa, 493, 51 N. W. Rep. 248.

It is further contended that the mortgage is void because the widow had only a one third interest in the mortgaged property. We do not think this claim ought to be sustained. It is true that a widow has no right to select her dower herself. But she is entitled to an undivided one third in fee, and she could make a valid disposition of her undivided interest without having it assigned, admeasured, or set off. See *Larkin v. McManus*, 81 Iowa, 723, 45 N. W. Rep. 1061. There can be no doubt that in equity a widow may sell and convey her dower interest before assignment, and the grantee may maintain an action for its assignment. *Huston v. Seeley*, 27 Iowa, 183. We think that, if Margaret Herr could have made a valid conveyance of of her dower right in the land, she could incumber it by mortgage, and, if she could incumber the whole tract, the mortgage upon an undivided one third of any part of the real estate is valid. AFFIRMED.