ALLEN v. SAYLOR et al.

1. SERVICE UPON A MINOR. In an action of partition, under the Code of 1851, in which the defendants were minors, the return of the service of notice showed that it was "served upon the person with whom the within named defendants  *  *  *  reside, and who has the sole charge of said defendants, they being minors under the age of fourteen years," &c. It was held defective in this, that it did not negative the fact that the father and mother were still living and within the State, and that it did not show that the person upon whom the service was made, had the legal care and control of the minors.

2. APPOINTMENT OF GUARDIAN AD LITEM. The District Court has no power to appoint a guardian *ad litem* for minor defendants before it has acquired jurisdiction by the complete service of notice.

*Appeal from Polk District Court.*

TUESDAY, JANUARY 6, 1863.

THE facts are stated in the opinion of the court.

*S. V. White* for the appellants.

No appearance for the appellee.

BALDWIN, C. J.— Judgment of partition in this cause was rendered by default against all of the defendants, excepting Louisa Wear and A. Scott Wear, who were minors under the age of fourteen years.

Upon the hearing of the cause, a guardian *ad. litem* was appointed for said minors, who appeared and answered, and assented to a decree of partition as prayed for by the plaintiff. These minors, by their regularly appointed guardian, now appeal. It is claimed that the service upon these minors was so irregular and defective that the court never had jurisdiction over them, and that the court, therefore, had not the power to appoint a guardian *ad litem* to appear and defend for them.

The Sheriff made the following return upon the notice: "This notice came to hand July 26, 1860, and on the 31st day of said month I served the same by reading said notice personally to Louisa Scott, the person with whom the within named defendants, Louisa Wear and. A. S. Wear, reside, and who has the sole charge of said defendants, they being minors under the age of fourteen years," &c.

The law in force when this suit was brought, required service to be made, when the defendants were under the age of fourteen years, upon the father, mother or guardian, and if there be none such in the State, then upon the per-

son having the legal care and control of such person, if there be any.

We are of the opinion that this service is defective in this: first, it does not negative the fact that the father and mother were still living and within the State, or that there was a guardian upon whom such service could be made; and second, it does not state that Louisa Scott, the person upon whom the personal service was made, had the legal care and control of said children.

The fact that it was stated in the petition that the father's residence was unknown, or that the mother was dead, does not avoid the necessity of the officers making the service to make due inquiry and diligence to find the proper parties upon whom service is to be made; and if the defendants are minors, he must so state in his return, and also state his reason for not making the service upon whom the law requires him to make it.

The fact that the minors resided with Louisa Scott, and were under her sole charge, does not give any validity to a personal service upon her. They may have resided with her and been under her sole charge, yet they may have been under the legal care of some person whose duty it was to protect their legal rights.

Upon a former hearing of this cause we were inclined to the opinion, and so held, that notwithstanding the fact that the service upon these infant defendants was defective, yet, under the provision of our statute, the court had the power to appoint a guardian *ad litem*, and that his appearance conferred jurisdiction. Upon rehearing and reargument we are inclined to hold, that unless there is a complete service upon the minors, the court has no jurisdiction to appoint a guardian *ad litem*, or to make any order that might prejudice their rights.

Under the law now in force, it is expressly provided that no appointment of a guardian *ad litem* can be made until

after the service of the notice in the action, as provided by law.

Reversed.