Cain v. Cain.

PRACTICE: failure to except.

Cain v. Cain *et al.*

| 23 | 31 |
| d95 | 733 |
| 23 | 31 |
| f129 | 603 |

1. Will: WHEN IN LIEU OF DOWER. The rule recognized, that aside from statute, a will to be in lieu of dower must expressly so state, or it must appear by necessary implication that such was the testator's intent ; as that the claim of dower would be repugnant to and defeat some part of the testator's disposition.

2. —— BY IMPLICATION: APPLICATION OF RULE. A testator by a will executed after the enactment of the statute changing the widow's dower from a life estate to an absolute fee simple title (Laws of 1862, ch. 151) devised one-third in value of his real estate, specifically describing it, to his wife, to hold during her life, and afterward to be divided among his children. He also gave her all the property which she owned and brought to him at the time of their marriage. He then, in another provision of the will, directed the remainder of his real estate and all his personal property, except some articles specifically devised, to be sold and the proceeds divided among his children. *Held*, that under our statute the widow's claim of dower was inconsistent with and repugnant to that provision of the will directing the real estate to be sold and the proceeds divided among the children; and hence that the will should be construed to be in lieu of dower.

> *Argu.* 1. If the widow had possessed but the common law dower right, the land might have been sold *subject* thereto ; but not where the dower right is an absolute fee simple to one-third of the real estate.

## *Appeal from Wapello District Court.*

### WEDNESDAY, JULY 31.

APPLICATION for the admeasurement of dower. The plaintiff was the second wife and is the widow of Morrison Cain deceased ; and the defendants are his children and heirs at law, by a former wife. He died in April, 1865, aged sixty-five years, and his will was duly probated in the June following. This suit was commenced in October of that year. It appears that the real estate mentioned in his will was all of which he died seized. The plaintiff avers her right to dower, and in addition to the devise to her by the will. She sets out a full copy of the will in her petition. The material parts are as follows: First. I give and bequeath to my wife, Phebe Cain, one-third in value off the south end of the east half of the south-west quarter of section five, and twelve acres off the south side of the south-west fractional fourth of the north-west quarter of section number nineteen, all in

township number seventy-three, north of range number fourteen west, in Wapello county and State of Iowa. To have and to hold the same during her life-time, and afterward to be divided equally between my children, which will be hereafter named, or their assigns. And I also give to my wife above named, all the property we now own which she owned and brought here at the time of our marriage.

*Second.* It is my will and request that all of my real estate above mentioned and all my personal property except one bureau and one bed and bedding, be sold, and all my just debts and funeral expenses and charges to be paid, and the remainder to be divided among my heirs as follows: [He then specifically prescribes how the remainder, and also the bureau, bed and bedding, shall be divided among his children.]

The plaintiff claims under the will, and also dower. The defendants claim that the provisions of the will are in lieu of dower. The District Court decided for the plaintiff. The defendants appeal.

*Stiles, & Hutchinson* and *W. G. Hammond* for the appellant.

I. Before noticing the other assignments of error separately, we ask the court's attention to the changes made by the statutes of this State in relation to dower, or more properly speaking in relation to the distributive share of a decedent's estate substituted for dower at common law. Session Laws of 1862, ch. 151, substantially re-enacting § 1394, of Code of 1851.

This statute does not simply enlarge the estate of the dowress. In connection with the previous legislation on the subject it abolishes dower entirely, and substitutes for it a distributive share of the real estate, differing from

dower in almost every particular. It accrues in great measure from a different kind of property. It is held in fee simple, and not for life. It is measured by value and not by quantity. *Corriell* v. *Bronson*, 6 Iowa, 471. And instead of vesting by mere operation of law, it is to be set apart by *the executor*, and no action can be maintained for it until it has been explicitly denied. Rev. § 3605. We respectfully submit that these provisions modify the common law doctrine in regard to dower in the following respects:

1. They remove all reason for the excessive favor with which dower has been regarded by the courts, as an immemorial right.

2. As the intervention of the executor is required to set off dower, they strengthen any implication against the intent to give dower derived from directions as to other dispositions of the property to be made by the executors.

3. In connection with the Revision, section 2435, they change entirely the presumption of law as to such implication. To say that " the widow's dower cannot be affected by any will of her husband if she objects thereto and relinquishes all rights conferred upon her by the will," is to say that if she does *not* object, etc., her rights *are* affected : *i. e.* that the law presumes a provision by will to be in lieu of dower, instead of the contrary or English rule. Compare the rule given by statute in some other States. *Reed* v. *Dickerman*, 12 Pick. 146 ; *Delay* v. *Vinal*, 1 Metc. 57 ; *Perkins* v. *Little*, 1 Greenl. 148 ; *Bracket* v. *Leighton*, 7 Id. 383 ; *Allen* v. *Pray*, 3 Fairfield, 138 ; *Stark* v. *Hunton*, 1 Saxton, 216 ; *Baily et ux.* v. *Duncan's Exr.*, 4 Monroe, 265 ; 4 Hen. and M. 23 ; *Jennings* v. *Smith*, 29 Mo. 152 ; T. 6, Greenl. Cruise, ch. 4, § 24, note, § 33 ; *Pettijohn* v. *Beasley*, 1 Dev. & Batt. 254 ; *Brown* v. *Brown*, 5 Iredell, 136 ; *McLeod* v. *McDonnel*, 6 Ala.

236; *Hilliard* v. *Binford*, 10 Id. 977; *Ex parte Moore*, 7 How. Miss. 665; *McDaniel* v. *Douglass*, 6 Hump. 220; *Malone* v. *Majors*, 8 Id. 577; *Armstrong* v. *Park*, 9 Id. 195; *Hamilton* v. *O'Neil*, 9 Mo. 11; *Kemp* v. *Holland*, 10 Id. 255; *Smith* v. *Smith*, 20 Vt. 270; *Kelly* v. *Stinson*, 8 Black. 387. And see as the only Iowa. cases bearing on the subject, *Corriell* v. *Ham*, 2 Iowa, 552; *Clarke* v. *Griffith*, 4 Id. 405.

II. The court below erred in excluding the testimony of Joshua Marshall, who drew the will, as to the declarations of the testator in relation to it at the time it was drawn up. (Transcript, pp. 30, 31.)

If the doubt as to his intention be treated as a latent ambiguity, these declarations are clearly admissible. 1 Redfield on Wills, 580, note, and authorities cited.

It was admissible as a part of the *res gestœ*. *Lorieux* v. *Keller*, 5 Iowa, 203.

That it comes within the description of such an ambiguity, see *Peisch* v. *Dickson*, 1 Mason, 9; *Bank* v. *Bank*, 5 Wheat. 326, and Roberts on Stat. of Frauds, cited below. *Wadsworth* v. *Ruggles*, 6 Pick. 63.

Or if the court hold that even under our statute there is still a presumption that the devise is cumulative, such evidence is admissible to rebut it. See remarks of Lord ELDON in *Pole* v. *Lord Somers*, 6 Vesey, 326.

On the general admissibility of such evidence the cases are confessedly contradictory. The following are among the principal ones sustaining it:

*Mascal* v. *Mascal*, 1 Vesey, Sr. 323; *Blinkhorne* v. *Feast*, 2 Id. 27; *Heather* v. *Rider*, 1 Atk. 425; *Ellison* v. *Cooksen*, 1 Vesey, Jr. 99, 108; *Nourse* v. *Finch*, Id. 324; *Hinchcliffe* v. *Hinchcliffe*, 3 Vesey, 516, 529; *Trimmer* v. *Bayne*, 7 Id. 518; *Druce* v. *Dennison*, 6 Id. 385, 397; *Weall* v. *Rice*, 2 Russ. & Mylne, 251, and a long list of cases cases cited in note at end of case. 2 Fon-

Cain v. Cain.

blanque's Equity, 136; Roberts on Stat. of Frauds, 33, 38, note; 3 Cow. & Hill's Notes to Phillips, 228; *Ryerss* v. *Wheeler*, 22 Wend. 148; *Reel* v. *Reel*, 1 Hawkes, 248; *Howell* v. *Bordin*, 2 Dev. 441; *Den* v. *Van Cleve*, South. (N. J.) 589; *Lorieux* v. *Keller*, 5 Iowa, 196, 203.

. III. The court below erred in excluding the testimony of said witness as to the condition and circumstances of the testator. (Transcript, pp. 32, 33.) "So far as parol evidence is offered to show the situation and circumstances of the parties at the time the will was made, with a view to showing the meaning and intent of the testator, in any particular clause, or in the whole will together, it is *always* admissible." Per SHAW, Ch. J., in *Crocker* v. *Crocker*, 11 Pick. 256; V. C. Wigram's Fifth Rule; 1 Greenl. on Evidence, §§ 286–291, and authorities cited; Peake on Evidence, 116; Phillips on Evidence, 443, 444, and authorities; *Jeacock* v. *Falkener*, 1 Brown C. C. 296; *Lowe* v. *Lord Huntingtower*, 4 Russ. 532; *Noel* v. *Noel*, 12 Price, 213; *Edens* v. *Williams*, 3 Murphy, 27; *Doe* v. *Marten*, 4 B. & Ad. 785; *Boys* v. *Williams*, 2 Russ. & Mylne, 689; *Perry* v. *Hunter*, 2 R. I. 80; *Shelton* v. *Shelton*, 1 Wash. (Va.) 53; *Sargent* v. *Towne*, 10 Mass. 303; *Goodhue* v. *Clark*, 37 N. H. 525; *Travis* v. *Morrison*, 28 Ala. 494; *Succession of Thorame*, 12 Lou. Ann. 384; *Morton* v. *Perry*, 1 Metc. 446; *Spencer* v. *Higgins*, 22 Conn. 521; *Wilson* v. *Pine*, 1 Har. & J. 138; *Bolick* v. *Bolick*, 1 Ired. 244; *Morton* v. *Edwards*, 4 Dev. 507; *Marshall's Appeal*, 2 Barr, 388; *Barr & Stoner's Appeal*, Id. 428; *Rosborough* v. *Hemphill*, 5 Rich. Eq. 95; *Schoppert* v. *Gillam*, 6 Id. 83; *Burlington University* v. *Barrett, Exr.*, 22 Iowa, 60; *Smith* v. *Bell*, 6 Peters, 68.

. The rule in regard to wills is at least as liberal as in regard to contracts and other written instruments. Greenleaf, § 289; *Field* v. *Schricher*, 14 Iowa, 119; *Pilmer* v.

*Branch of State Bank*, 16 Id. 320 ; *Karmuller* v. *Krotz*, 18 Id. 352 ; *Hopkins* v. *Grimes*, 14 Id. 73.

Even the skill of the scrivener may be taken into account. *Richard* v. *Davies*, 32 L. J. C. P. 3.

IV. The court below erred in its, construction of the will and in the final order made thereon. Even without "going beyond the four corners of the instrument," the only reasonable construction to be placed upon it is that the devise to plaintiff was intended to be in lieu of dower. And with the light thrown on it by such evidence, respecting the subject-matter of the controversy and the circumstances of the testator, as all authorities concur in admitting, this conclusion becomes irresistible.

*Gosling* v. *Warburton*, Cro. Eliz. 128 ; *Boynton* v. *Boynton*, 1 Brown C. C. 445 ; *Chalmers* v. *Storil*, 2 Ves. & Beames, 222. (See distinction taken by the M. of R. between devises of the property itself and of what might be called the testator's interest in that property.) *Roberts* v. *Smith*, 1 Sim. & Stu. 513 ; *Miall* v. *Brain*, 4 Mad. 119 ; *Butcher* v. *Kemp*, 5 Mad. 61 ; *Jones* v. *Collier*, Ambler, 730 ; *Wake* v. *Wake*, 3 Brown, 355 ; *S. C.* 1 Ves. Jr. 335 ; *Arnold* v. *Kempstead* and *Villa Real* v. *Lord Galway*, cited in note to 1 Brown, 293 ; *Reynolds* v. *Torin*, 1 Russ. 129 ; *Roadley* v. *Dixon*, 3 Id. 192 ; *Coleman* v. *Jones*, Id. 312 ; *Harrison* v. *Harrison*, 1 Keen, 765 ; *Bending* v. *Bending*, 3 K. & J. 257.

*Herbert* v. *Wren*, 7 Cranch, 360 ; compare *Havens* v. *Sackett*, 15 N. Y. 365 ; *Hamilton* v. *Buckwalter*, 2 Yeates, 389 ; *Duncan* v. *Duncan*, Id. ; *Creacroft* v. *Dille*, 3 Yeates, 79 ; Addison 350 ; *Stark* v. *Hunton*, 1 Saxton, 216 ; *Dodge* v. *Dodge*, 31 Barb. 413, is exactly in point; *Allen* v. *Pray*, 3 Fairfield, 138 ; *Lord* v. *Lord*, 23 Conn. 327 ; *Adams* v. *Adams*, 5 Metcalf, 277 ; *Caston* v. *Caston*, 2 Rich. Eq. 1 ; *Corriell* v. *Ham*, 2 Iowa, 552. This case is decisive on the last point. The court

say, on page 558 : " There would be an inconsistency in claiming the *same* property both by the will and by dower right."

When the devise to the widow is out of the same property in which dower is claimed, the implication that it was intended in lieu of dower is much stronger than when it is a mere annuity or bequest, or a devise of other property. *Birmingham* v. *Kirwan*, 2 Scho. & Lef. 444; *Dorchester* v. *Effingham*, Cooper, 319; *Adsit* v. *Adsit*, 2 Johns. Ch. 448, 459; *Fuller* v. *Yates*, 8 Paige, 325; *Sanford* v. *Jackson*, 10 Id. 265; *Stark* v. *Hutton*, 1 Saxton, 216.

*Hendershott & Burton* for the appellees.

Relied upon the English rule and *Clark* v. *Griffith*, 4 Iowa, 405; *Corriell* v. *Ham*, 2 Id. 552; *Church* v. *Bell*, 2 Denio, 430; *Adsit* v. *Adsit*, 2 Johns. Ch. 448.

COLE, J. — At the common law the right of dower was simply the use for life of one-third the real estate of which the husband was seized, during coverture. (4 Kent Com. 35.) Under our statute that right is absolute property in fee simple to such third part. (Laws of 1862, ch. 151, p. 173.)

1. WILL: when in lieu of dower.

As to whether the provisions of a will in favor of the wife were intended to be in lieu of dower, or in addition thereto, has been the occasion of frequent adjudications. The English rule (aside from statute) requires that the will shall expressly state the provisions to be in lieu of dower, or at least (as Lord KENYON says), " it should appear that if she took both dower and the provisions under the will, some other part of the testator's disposition would be defeated; or (as Lord ALVANLEY says), 'it must appear that he meant to bar her dower, or that what she demands is repugnant to the disposition.'" How far

Cain v. Cain.

this rule may have been modified by statute or judicial decisions in this country, we need not inquire; for, admitting it in its full force, this plaintiff is not entitled to dower in addition to the provisions of the will.

The will directs the real estate to be sold; it could not be sold, if the widow by her dower right owned one-third *2. —— by im-* in fee. If she had but the common law dower *plication: ap-* right, it could be sold subject thereto; not so, *plication of* *rule.* however, where that dower right is an absolute fee simple title to one-third. The claim, therefore, for dower under our statute, is repugnant to the disposition of the real estate as made by the will; and to allow the widow to take one-third in fee, would preclude the sale, and thereby "the testator's disposition would be defeated."

The case of *Corriell* v. *Ham* (2 Iowa, 552), and of *Clark* v. *Griffith* (4 Id. 405), arose under the statute giving dower as at common law; they hold the English rule as herein recognized. We have no occasion herein to construe Revision, section 2435. "The widow's dower cannot be affected by any will of her husband if she objects thereto, and relinquishes all rights conferred upon her by the will."

Nor is it necessary for us to determine whether the District Court erred in rejecting the testimony offered by defendants to show the facts, circumstances and relations surrounding the testator at the time of the making of the will.

Reversed.