Metteer v. Wiley.

Affirmed.

METTEER v. WILEY *et al.*

Will: DOWER. Will, containing the following provision for the widow: "After the payment of my debts, I give and bequeath to my wife all my property, real and personal, except what is hereinbefore devised; to be held by her during her natural life for her sole use and benefit. But at her death, I direct that the same be divided among all my children or their heirs." *Held*, that the widow's right of dower was not barred by her acceptance of this provision of the will.

*Appeal from Scott District Court.*

FRIDAY, JUNE 7.

THE petition shows that the plaintiff is the widow of Charles Metteer, deceased, who died November 30, 1870; that the deceased left a will containing the following provision for the plaintiff: "After the payment of my debts, I give and bequeath to my wife, Zilpha Metteer, all my property, real and personal, except what is hereinbefore devised; to be held by her during her natural life, for her sole use and benefit. But at her death I direct that the same be divided among all my children or their heirs" (naming them): And that the will was duly admitted to probate June 14, 1871. The plaintiff further alleges that she accepted the provisions of the will, but claims that she is not thereby barred of her dower, and asks that the same may be admeasured and set off to her.

The defendants having failed to appear or answer, default was duly entered against them, and the cause submitted to the court, upon the petition and will, whereupon the court found the allegations of the petition to be true, but refused to appoint referees to assign dower as prayed, holding that the plaintiff's acceptance of the provisions of the will in her behalf was inconsistent with her claim for dower. Plaintiff excepted and appeals.

*Foster & Gabbert* for the appellant.

No appearance for the appellees.

MILLER, J. — But a single question is presented by the record in this case, namely, is the widow's dower barred by her acceptance of the provisions of the will in her behalf? This question must be answered in the negative. It is a settled rule in the construction of wills, that where

there is no express declaration in the will barring the dower of the wife, the intention that it shall be barred must be deduced by clear and manifest implication from the instrument, founded on the fact that the claim of dower would be inconsistent with the will or so repugnant to some of its dispositions as to disturb and defeat them. *Corriel* v. *Ham*, 2 Iowa, 552, and cases cited. And, in that case, and in *Sully* v. *Nebergall*, 30 Iowa, 339, it was *held*, that the widow's election to take under the will, which gave her a life estate in all the real and personal property of the testator, did not defeat her right of dower.

In this, as in those cases, there is no express declaration in the will, of an intention to bar the widow of her dower, nor is her acceptance of the bequest in her favor inconsistent with her claim for dower. There is nothing in the provisions of the will, manifesting an intention to bar the dower of the widow. Its provisions are substantially the same, as in the cases before referred to, in both of which the widow was held entitled to her dower.

The judgment of the district court is reversed with directions to render such judgment and orders, as shall be consistent with this opinion.

Reversed.