VAN GUILDER v. JUSTICE ET AL.

56  669
d95  733
56  669
d107 285
56  669
h129 603

1. **Dower**: WHEN INCONSISTENT WITH DEVISE. Where a will directed that the income from certain described real estate, left in trust to the widow of the testator, should be used for the benefit of certain minor children, between whom, on attaining their majority, the land was to be divided, it was held that the widow, while claiming under the provisions of the will, was not entitled to a distributive share in such land.

*Appeal from Guthrie Circuit Court.*

THURSDAY, OCTOBER 20.

THE plaintiff and defendants Emily and Ellen C. Van Guilder are heirs and devisees of David Van Guilder. The defendant Sarah A. Justice is the widow of said David. The plaintiff in this action seeks to have partitioned certain real estate devised to him and his sisters. Mrs. Justice claims she is entitled to a distributive share thereof, and asks the same be set apart to her. The court found for the plaintiff and entered a decree accordingly. Mrs. Justice appeals.

*W. T. Dillon*, for appellant.

*C. A. & J. G. Berry* and *McCaughan & Dabney*, for appellee.

*C. S. Fogg*, for minor defendants.

SEEVERS, J.—The facts are, David Van Guilder died in 1874 owning one hundred and twenty acres of real estate and some personal property, which he disposed of by will as follows: "First, I give and bequeath to my beloved wife the following described property, to have and to hold free from all claims." Here follows a description of forty acres of the land and other provisions which need not be stated. "Second, that the following described lands   *   *   *   be held in trust and controlled

1. DOWER: when inconsistent with devise.

by my wife Sarah A. during the minority of the following
named children, Emily, Austin, and Ellen C., the proceeds
arising from the cultivation of said land to be appropriated
for the equal benefit of said minor children, each of whom I
desire to have an equal share in the above described property
when or as they arrive at their majority." It is in this last
real estate Mrs. Justice claims a distributive share as dower
although she has accepted under the will and claims the beni-
fit of all the provisions therein made for her. The question
is whether she can take under the will and also have a share
of the other real estate set apart to her as dower.

In support of the claim she can do so counsel cite *Corriell
v. Ham*, 2 Iowa, 552; *Sully v. Nebergall*, 30 Id., 339; *Met-
teer v. Wiley*, 34 Id., 214, and *Watrous v. Winn*, 37 Id., 72.

When the two first cases were decided, the dower interest·
of a widow in the real estate of her husband was one third
for life, and the devise in each case was that the widow
should have a life estate in a portion of the real estate, and it
was held she might have dower in the whole because the will
was not inconsistent therewith.

The devise in *Metteer v. Wiley* was for life, but in *Wat-
rous v. Winn* it was in fee. In both cases the real estate
not devised to the widow was devised to certain children and
it was held the widow could claim under the will and also
have dower in the residue of the real estate, on the ground
such claim was not inconsistent with the will.

In *Cain v. Cain*, 23 Iowa, 31, the devise was to the widow
for life, but the testator directed that all his real and personal
property be sold and after the payment of his debts the re-
mainder to be divided among certain children. It was held
the widow could not have one-third in fee as dower, because
it would be inconsistent with the provision of the will direct-
ing a sale. It is intimated the rule might be different if the
widow was only entitled to dower as at common law. In
such case there might be a sale, subject to the dower right.

In the present case the land was devised to the widow in

trust during the minority of the devisees, and "the proceeds arising from the cultivation of the land to be appropriated for the equal benefit of said children." If the widow was entitled to dower at all she could have it admeasured very soon after the death of her husband. If she could do so the proceeds of the whole land could not be devoted to the purpose directed by the testator. Such a claim, therefore, would be inconsistent with the will. This case we think in principle is identical with *Cain v. Cain*, before cited, and is fully within the reason of the rule there adopted.

Counsel for the appellant has not cited Code, § 2452, nor is it claimed the said section should be considered in determining this case, because, as we suppose, the appellant prefers to retain the property devised to her rather than one-third of the whole of the real estate.

AFFIRMED.