SEVERSON v. SEVERSON ET AL.

1. **Will**: INTERPRETATION: ERROR IN DESCRIBING LAND. Where a testator, in attempting to dispose of his land, devised to his wife the undivided two-thirds of the "S. ½ of the E. ¼ of section 10," but he did not own all of the land so described, but did own the S. ½ of the S. E. ¼ of section 10, and to substitute "S. E. ¼" for "E. ¼" would not only limit the devise to the land which he owned, but, taken with another devise in the will, would dispose of all his real estate, *held* that the substitution should be made in interpreting the will.

2. ———: SUBSTITUTE FOR WIDOW'S THIRD. A widow cannot take a portion of her deceased husband's real estate under the will, and also her distributive share under the statute, when to do so would be to take all the real estate and defeat a devise to a daughter of a portion thereof.

*Appeal from Story Circuit Court.*

FRIDAY, APRIL 23.

ACTION for an admeasurement of dower. There was judgment for the plaintiff. The defendant appeals.

*F. D. Thompson*, for appellant.

*Dyer & Fitchpatrick*, for appellee.

ADAMS, CH. J.—The plaintiff, Carrie Severson, is the widow of S. A. Severson, who died testate. She asks that her dower or distributive share in certain land described may be set out to her in addition to the land devised to her in her husband's will. It is agreed that the testator died seized of the N. W. ¼ of the S. E. ¼, and S. ½ of the S. E. ¼, of section 10, township 82, range 24 W. of fifth principal meridian. It is agreed, also, that he did not own any part of the N. E. ¼ of the section. He, however, in making a devise to his wife, used these words: "I give and bequeath unto my wife, Carrie Severson the undivided two-thirds of the following real estate: The N. W. ¼ of the S. E. ¼ of section 10, and S. ½ of the E. ¼ of section 10, all in township 82, range 24 W. of 5 P. M.;

also two-thirds of my personal property." The E. $\frac{1}{4}$ of the section, strictly considered, would be the four east forties, and the S. $\frac{1}{2}$ of the E. $\frac{1}{4}$ would be simply the E. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$. Now, it seems to us incredible that if the testator had in mind simply the E. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ he would have used the description which he did. By " E. $\frac{1}{4}$," then, we think that the testator must have meant either the N. E. $\frac{1}{4}$ or the S. E. $\frac{1}{4}$. But it is agreed that he did not own the N. E. $\frac{1}{4}$ of the section, or any part thereof, but did own land in the S. E. $\frac{1}{4}$. The will itself, indeed, shows that he claimed to own an interest in three forties in the S. E. $\frac{1}{4}$, and precisely the three forties in which he undertook to devise to his wife an undivided two-thirds, if we read the " E. $\frac{1}{4}$ " as " S. E. $\frac{1}{4}$." This appears from another part of the will, in which he made a devise to his daughter Severena Severson. That devise was made in these words:   " I give and devise unto my daughter Severena Severson the undivided one-third of the following real estate: the N. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of section 10, and the S. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of section 10, all in township 82, range 24 west of 5 P. M.; also one-third of all my personal property." Construing " E. $\frac{1}{4}$ " as intended for " S. E. $\frac{1}{4}$," the two devises dispose of the entire three forties. By a literal construction they would not. We have to say that, looking at the will alone, we are of the opinion that we ought to read " E. $\frac{1}{4}$ " as " S. E. $\frac{1}{4}$." If we are correct, then, it is manifest that the testator intended to give his wife two-thirds of his estate, real and personal, and his daughter one-third. The plaintiff expressly claims under the will. She cannot have a distributive share

2. WILL: substitute for widow's third.

also, if the will is inconsistent with such distribution, and it seems to us that it is. The plaintiff virtually claims the whole real estate, and leaves nothing with which to satisfy the devise to the daughter.

In our opinion, the court erred in adjudging that she was entitled to a distributive share in addition to the provision made for her by will.                         REVERSED.