ISABEL RICHARDS, Appellant, v. S. J. RICHARDS *et al.*

Will: Election by Widow: Refusal to Take Under Will. A will giving the widow a life use of the homestead does not bar her from also taking her distributive share, nor does filing a written refusal to take under the will. (2)

Will, Construed. Where a will permits a son to farm all land left under it, upon a certain rent, and gives the mother the right to lease it to others if he does not pay such rent, and also provides that the son shall have part of the land in fee, upon caring for the wants of his mother for life, he is entitled to such land in fee upon complying with that condition, but he must pay rent upon it during the life of the mother. (4)

*Appeal from Greene District Court.*—HON. GEORGE W. PAINE, Judge.

MONDAY, MAY 14, 1894.

THE plaintiff is the widow of Richard Richards, deceased, and the defendants are his children and heirs at law. This action was brought by the plaintiff for the purpose of procuring a decree by which her distributive share in certain land owned by the deceased should be set apart to her, and also to determine other rights which she claimed under the provisions of the last will and testament of her husband. The defendant, S. J. Richards, claimed that he was the equitable owner of part of the land, and that it was not burdened with a widow's distributive share. He also claimed that the plaintiff had no right in the estate based upon said will. A decree was entered which was favorable to the claims made by said defendant, and the plaintiff appeals.—*Modified.*

*Russell & Toliver* for appellant.

*Perry D. Rose* for appellee.

ROTHROCK, J.—I.   It appears from the record that
Richard Richards made his last will and testament on
the fourth day of March, 1886, and he died in the month
of November, 1889.   At the time of his death he had
the legal title to one hundred and twenty acres of land,
which consisted of three forty acre tracts, according to
government subdivisions.   He had several children, all
of whom were of adult age.   None of them resided with
him.   He and his wife (the plaintiff herein) resided in
a house on one of the forty acre tracts; and his son,
the defendant, S. J. Richards, and his family, lived
upon another of said tracts.   That part of the will of
Richard Richards which is material to this controversy
is as follows:   "*Second.*   Should my wife survive me
she shall, during her lifetime, have, for her sole benefit,
the possession of the house and household goods, and
all outbuildings that are attached to the premises that
we occupy at the time of my decease.   *Third.*   That,
inasmuch as my son, Stephen J. Richards, is working
my farm on the shares, delivering one third of all the
crops into my granaries on the premises occupied by
me, and by agreement looking after me and my wife in
sickness and health, hauling and delivering me my
wood and coal, it is my further desire, should my wife
survive me, and understood between me and Stephen
Richards, that at my demise he is to work the farm for
two thirds of the crops, to deliver the one third of all
crops into the granaries designated by my wife, for her
sole benefit during her lifetime; and, in case the said
Stephen J. Richards should fail to work said farm as
herein set forth, to look after her wants and to attend
to her in sickness, or to move away, and not provide
for her in sickness and want, then it shall be right for
my wife to rent said farm during her lifetime, as she
may seem best; and in case the said Stephen J. Rich-
ards complies with all the understanding as set forth
above, then it is my desire that the said Stephen J.

Richards shall have for his share of my property, for his full benefit, the southwest quarter of the southeast quarter of section nineteen (19), town 84, range 32 west, Fifth P. M. of Iowa; otherwise he shall share equal with the rest, as I set forth, to wit, the one fifth. *Fourth.* Inasmuch as I have already advanced to my son William W. Richards the sum of seven hundred and sixty-seven dollars, it is my desire that the above amount shall constitute his share, and that the said William W. Richards shall not receive one dollar more in the distribution of my property. *Fifth.* It is my desire that the northwest quarter of the southeast quarter, and the southeast quarter of the southeast quarter, of section number nineteen (19), town 84, range 32 west, Fifth P. M. of Iowa, be divided as follows, to wit: To Tabitha Powers and her heirs, the one fourth; to Amanda M. Morton and her heirs, the one fourth; to May Richards and her heirs, the one fourth; to Naomi J. Stanley and her heirs, the one fourth. The one fourth as set forth above shall be construed to mean the one fourth of said land, or the one fourth of the value of said land." The only real contest is between the plaintiff and the defendant S. J. Richards. The other devisees did not appeal from the decree of the district court, and must be regarded as consenting to its provisions.

The issue of fact made in the case was as to the right by which Stephen J. Richards was in possession of the forty acre tract upon which he resided, and which was devised to him by the will. He claimed that he was entitled to it under the will, but that his right thereto did not really depend upon the provisions of the will. He insisted that he had a full equitable ownership of the land by reason of an oral contract made between his father and himself several years before the death of the father. A large number of witnesses were introduced and examined to establish the alleged oral

agreement.   We will not review the evidence of these witnesses.   It is enough to say that a careful examination of the whole evidence satisfies us that the alleged contract was no more than an understanding between the father and son that the son was to have the said forty acre tract when the rents thereof should no longer be required for the support of the father and mother. There is no evidence in the cause which would have authorized a decree of specific performance against the testator in his lifetime.    The evidence consists largely of just such declarations as a father would naturally make in reference to a final disposition of his property without any intention of making conveyances by deed. It is true that at times he stated that the defendant was to have the land when he (the father) was done with it, and again he declared that the transfer was not to be operative during the life of his wife.   This latter view of the relation of the parties is strongly supported by the will itself, which was made more than three years before the death of the father.

II.   Under this will, the widow was entitled to the provisions made for her by the will, and also to a distributive share of the estate as widow.   There is nothing in the will inconsistent with the right to take under the will, and also the one third of the land under the law. *Metteer v. Wiley*, 34 Iowa, 214; *Potter v. Worley*, 57 Iowa, 66, 7 N. W. Rep. 685, and 10 N. W. Rep. 298; *Snyder v. Miller*, 67 Iowa, 265, 25 N. W. Rep. 240; *Daugherty v. Daugherty*, 69 Iowa, 679, 29 N. W. Rep. 778.   It is true that a claim is made in the pleadings that the plaintiff has no right to take under the will, because, by a writing filed in the court below, she refused to accept the provisions of the will, and elected to take a distributive share of the estate under the law. That writing was filed some time before this action was commenced.   There is no serious claim made in argument that the plaintiff, by filing this writing,

relinquished any right under the will. There is no legal requirement that such an election shall be made, and no right of the defendant, S. J. Richards, was in any manner prejudiced thereby. The statutory provision for a widow's election pertains to a consent to take under the will, and a relinquishment of her distributive share. Code, section 2452.

III. We have said that there is no evidence authorizing a decree in favor of the defendant, S. J. Richards, based upon the specific performance of a contract between himself and his father. But he is entitled, under the will, to the forty acre tract in controversy, provided he complies with the provisions of the will made for the benefit of his mother. Whether he did so comply from the time of his father's death to the commencement of the suit is a question of fact upon which evidence was introduced by the parties. There is no doubt in our minds that a preponderance of the evidence shows that for the years 1890 and 1891 the defendant farmed the land and delivered to his mother one third of the crops, in substantial compliance with the will, and that he was ready and willing at all times to "look after her wants." We incline to think that, if there had not been interference by others, this suit would not have been brought.

IV. Under the above facts, which we hold to be established by the evidence, the question to be determined is, what are the rights of the parties under the will? The district court found that the plaintiff, as widow, was entitled to the undivided one third of all the land, and that S. J. Richards was the owner of the forty-acre tract upon which he lived; and that the plaintiff's one third of the whole real estate should be set apart from the other two forty acre tracts; and that the plaintiff should have the rents of the residue of the real estate during her natural life, as given to her under the will; and that, if said S. J. Richards "declines

to work said land, and to deliver to her the one third of the crops raised annually thereon, then she, the said Isabel Richards, may rent the said land so remaining, and have, use, and hold as her own the rent thereof for and during her natural life." This decree as nearly follows the provisions of the will as a decree can be made, with one exception: It releases S. J. Richards from delivering the grain rent for the forty acres which are decreed to him. The testator evidently contemplated that there would be no litigation over his small estate. He supposed it would remain undivided during the life of his wife. The demand for the setting apart the distributive share to the plaintiff has made it impossible to carry out the exact provisions of the will; and the decree, as it stands, may be impossible to be performed. It may not be practicable to divide the two forty acres as provided by the decree, which requires one third to be set off to the widow and the balance divided among the other four devisees. If the referees can not divide the land, and it must be sold, then S. J. Richards can not be held liable for the rents therefor. But we discover nothing in the case which would release him from the rent of the forty acre tract devised to him by the will. The decree of the district court will be modified so that the defendant, S. J. Richards, will be required to deliver the grain rent from his land according to the will. He will be required to farm and deliver the rent on all of the other land, unless, in closing up the partition, the land be sold, in which case he is to be released from any obligation for rent on that part of the land. MODIFIED AND AFFIRMED.