JOHN C. HUNTER, et al., Appellants, v. LEMUEL HUNTER, et al.

**Dower: Will: ELECTION.** Unless taking both dower and under the will are inconsistent, or will defeat some provision of the will which devises a life estate with a remainder over, the widow may take in both ways. *Severson v. Severson*, 68 Iowa, 656; *Kyne v. Kyne*, 48 Iowa, 21; *Snyder v. Miller*, 67 Iowa, 261; *Van Guilder v. Justice*, 56 Iowa, 669; and *Cain v. Cain*, 23 Iowa, 31, *distinguished*.

SAME. That a widow who is willed a life estate in land which includes the homestead occupies the whole tract and does not have her dower set apart, does not constitute an election to take under the will, which will estop her heirs from claiming her dower interest.

*Appeal from Cedar District Court.*—HON. J. D. GIFFEN and J. H. PRESTON, Judges.

WEDNESDAY, OCTOBER 16, 1895.

*Milton Remley* and *Hedges & Rumple* for appellants.

*Baker & Ball* and *Ranck & Wade* for appellees.— *Reversed.*

Kinne, J.—I. Owing to the numerous pleadings filed in this case, and the condition of the record, it is difficult to ascertain the exact condition of the case. It appears that originally the plaintiffs and the defendant James Hunter appealed; that afterward Lemuel Hunter, defendant, served notice of appeal. In appellees' argument, it is said that plaintiffs' appeal has been dismissed, and that James Hunter is now the only party appealing from the decree. We find nothing in the record or papers submitted to us showing such to be the fact. So far as the record shows, the appeal is prosecuted by plaintiffs and the defendant James Hunter, and the case will be so treated. Inasmuch as appellees' counsel, in argument, do not claim that Lemuel Hunter has appealed, and no argument is filed on his behalf as an appellant, but only as an appellee, his appeal will be treated as abandoned. We shall endeavor to state the issues between the parties, eliminating therefrom all pleadings for which substituted pleadings were filed, as well as all rulings which were not relied upon by the parties, or which were waived by the filing of subsequent pleadings.

It appears that one Adam Hunter died testate in Johnson county, Iowa, in December, 1876, leaving the following children and heirs at law, viz.: John C. Hunter, Joseph Hunter, Nancy Hill, Margaret Teneick, Mary Smith, Lemuel Hunter, George Hunter, James Hunter, and Rachael Hunter. Plaintiffs and defendants Lemuel Hunter, George Hunter, and James Hunter are children and heirs at law of Adam Hunter. Defendant Elizabeth Hunter, the widow of Adam Hunter, deceased, was of unsound mind when this action

was commenced, and George Hunter was the guardian of her person and property. She died on February 6, 1890. Rachael Hunter died on October 13, 1884, and within ten years after the death of her father, Adam Hunter. Adam Hunter, during his lifetime, executed his last will and testament, which was duly probated. So much of said will as is material to the matter in controversy reads as follows: "After the payment of the expenses of my obsequies, and debts of whatsoever kind, I do hereby give and bequeath unto my beloved wife, Elizabeth Hunter, to have and to hold during her natural life for the support of herself and my beloved daughter Rachael, all that tract or tracts of land comprising the farm on which I now reside; and at the death of said Elizabeth said farm is to go to my beloved son Lemuel Hunter in fee; but, if my daughter Rachael survive said Elizabeth, said Lemuel shall pay said Rachael the sum of $200 per year for her support. If said Rachael should die within ten years after my decease, he, said Lemuel, shall pay the sum of $1,600 to the remaining heirs, each of whom shall share and share alike in the said sum last aforesaid." By the further provision of the will the wife was given a certain other tract of land, subject to the right of William Teneick to purchase it within three years upon the payment to said widow of one thousand dollars. The will also gave the following sums in money to the several children of the deceased, viz. to Nancy Hunter, John C. Hunter, Margaret Teneick, Mary Smith, and George Hunter, one thousand dollars each, and to James Hunter and Joseph Hunter one thousand two hundred dollars each. To his wife the testator also gave in fee his interest in certain Missouri lands, and also all the residue of his estate, real and personal. The will nominated the wife, George Hunter, and Lemuel Hunter as executors. On March 20, 1877, the persons thus nominated were appointed by

the court as such executors, and accepted the trust, and served until discharged upon final settlement of the estate in March, 1879.   In November, 1889, and while Elizabeth Hunter was of unsound mind, her guardian filed a petition in the probate court of Johnson county, Iowa, asking for authority to consent on behalf of his ward to the terms of the will of Adam Hunter, or that the court, acting instead of his ward, so consent, and make the same of record, which consent, after a hearing, was given, and made of record.   It appears that when the estate of Adam Hunter was settled Elizabeth Hunter receipted to the executors in full, and asked that they be discharged.   It also appears that by the terms of the will she received from the residue of the personal estate over eleven thousand dollars.   By a proper pleading filed, defendant James Hunter took issue with his codefendant Lemuel Hunter.

II.   Many pages of argument are used in discussing questions relating to the pleadings.   We do not deem it essential to pass upon the matters thus presented, as we understand the issues as finally made, and upon which the trial was had, to present the question as to whether or not Elizabeth Hunter, testator's widow, was possessed of an undivided one-third of the premises in question by right of dower in her husband's estate; in other words, whether she could take under the law and also under the will of her husband.   The determination of this question may involve a consideration of the effect of the proceedings in probate whereby the court undertook to exercise an election for Elizabeth Hunter to accept the provisions of her husband's will; whether, under the circumstances, any election was required; and whether the acts of said Elizabeth prior to the time she became of unsound mind should be held to constitute an acceptance of the provisions of the will to the exclusion of her dower right. It is well settled in this state by a long line of decisions

of this court that a widow may take a life estate under a will, and also her distributive share, or dower, under the law, in the same real estate. This rule is not controverted by appellees, but it is urged with great ability that the facts in the case at bar do not bring it within the rule mentioned. If we were at liberty to determine this question, uninfluenced by previous adjudications, it may be we should feel constrained to reach a conclusion contrary to that which, under the circumstances, we feel compelled to announce. We shall not undertake to refer to, much less discuss, all of the many cases touching this question heretofore passed upon by this court. We refer to some of them wherein the facts are so near like those in the case at bar as to, in our judgment, require an application of the same rule. We have said that the rule in this state is that the widow may take under the will and under the law. The rule is broader, even, than that, and is that, in the absence of provisions to the contrary in the will, dower must be allowed unless to do so would be "inconsistent with and will defeat some of the provisions of the will." *Daugherty v. Daugherty*, 69 Iowa, 679 (29 N. W. Rep. 778), and cases therein cited; *Parker v. Hayden*, 84 Iowa, 495 (51 N. W. Rep. 248; *Ricdards v. Richards*, 90 Iowa, 606 (58 N. W. Rep. 926). This inconsistency must be such as to disturb, defeat, interrupt, or disappoint some provision of the will. *Corriell v. Ham*, 2 Iowa, 557. In *Sully v. Nebergall*, 30 Iowa, 340, the devise was for life, or as long as she remained his widow, and at her death, or on her marriage, the estate was to be equally divided between the testator's heirs. It was held that the widow's election to take under the will did not defeat her right of dower. In *Metteer v. Wiley*, 34 Iowa, 214, the provision was in substance the same. *Watrous v. Winn*, 37 Iowa, 72, was a like case, and the decision was the same. *Potter v. Worley*, 57 Iowa, 67 (7 N. W. Rep. 685, and 10 N. W. Rep. 298). In

*Parker v. Hayden* and *Daugherty v. Daugherty, supra,* under similar facts, the holding was the same. It seems to us the facts in the case at bar clearly bring it within the rule of the cases we have cited. We have carefully examined the cases of *Severson v. Severson*, 68 Iowa, 656 (27 N. W. Rep. 811); *Kyne v. Kyne,* 48 Iowa, 21; *Snyder v. Miller,* 67 Iowa, 261 (25 N. W. Rep. 240); *Van Guilder v. Justice,* 5 Iowa, 669 (10 N. W. Rep. 238); *Cain v. Cain.* 23 Iowa, 31, and other cases cited by appellees, and which it is contended are controlling in the case now before us, but we think there is no ground for claiming that the holdings in these cases should be controlling in the case at bar. In all of them it was held that the widow could not take dower and also take under the provisions of the will, because such taking was contrary to the intention of the testator, and also inconsistent with the provisions of the will. An examination of these and other cases relied upon by appellees will show that in most of them the facts were much different from those we have to deal with. In *Severson's Case* the testator had intended to devise absolutely his real estate, two-thirds to his wife and one-third to his daughter. It was not a case of a devise for life with a remainder over to the daughter. If the widow had been permitted to take dower, she would have taken practically all of the land. In *Snyder's Case* the will gave the widow certain real estate in fee simple. It then provided for the payment of certain legacies, and that the residue of all of the testator's property, both real and personal, should be divided equally among his children, and that the real estate not otherwise disposed of should be sold, and converted into money, and distributed as provided in the will. Dower was not allowed in addition to the provision made for the widow in the will, as to have allowed it would have been inconsistent with the will, which provided for the sale of the land, and the distribution of the proceeds.

It is urged that this case is, in principle, like that at bar. One fact which distinguishes the two cases is that in *Snyder's Case* there was a provision for the sale of land and the distribution of the proceeds arising therefrom which would be defeated by allowing the widow to take under the will and also under the law. The facts in the other cases relied upon are so unlike those in the case at bar that the holding in them is not controlling in this case. Here we have a case where there is no express provision in the will prohibiting the taking of dower; no statement therein that the provision made is intended to be in lieu of that made by law. It may be conceded that these cases are to be determined largely upon the facts in each case, and that sometimes not much aid is derived from the adjudicated cases. We are unable to discover any such difference in the facts in the cases we have cited and those in the case at bar as would justify us in ignoring them as controlling in the determination of this question. Following these cases, we must hold that the widow might, in this case, take under the will and also under the provisions made by the law for her.

III. This court held, on an appeal from the ruling of the district court accepting under the will for the ward Elizabeth Hunter, that, inasmuch as no notice of the proceedings was served upon the ward, that court was without jurisdiction in the matter—*In re Hunter's Estate*, 84 Iowa, 388 (51 N. W. Rep. 20); hence no election to accept under the will was legally made for the widow. It is urged, however, that prior to the time the widow became of unsound mind her acts were such as that she should be held to have elected to accept under the will, and that such acceptance would bar her right to dower. This contention of appellees, however, is based upon the further claim that there is an inconsistency in taking under the will and in claiming dower.

We have already held that there was no such inconsistency under the facts of this case, and under such circumstances no election to take under the provision of a will, either expressly or impliedly from acts done, will bar the widow from taking under the will and also from claiming dower. *Metteer v. Wiley*, 34 Iowa, 215; *Potter v. Worley, supra.*

IV.   Appellees claim that, as the land in controversy embraced the homestead of the said Adam Hunter and Elizabeth Hunter, and the same was so used by her up to her death in 1890, and she had never made an application to have her distributive share in the farm set off to her, she had thereby elected to retain the homestead for life in lieu of such distributive share under the statute, and she is now estopped from claiming such distributive share.   We do not think this claim is well founded.   The widow, under the will, took and held the home farm for life. This farm embraced more land than the homestead. Her living on and occupying the land and dwelling house which had been the family house was entirely consistent with the possession and use given her by the life estate vested in her by the will, which, as we have said, embraced the homestead and other land.   Her homestead right would be but a life estate in the homestead proper.   The provision of the will gave her this, and more, for it gave her a life estate in the entire farm, including the homestead.   We do not discover that under such circumstances her occupancy of the homestead can be held to be an election to take the homestead, rather than the life estate provided in the will. As we have already held, the widow had the right to take under the will and also her dower, and her failure to have her dower set apart to her during her lifetime will not prevent her heirs from receiving the same after her death.   *Potter v. Worley, supra.*   In view of our holding, the decree of the lower court was wrong.   It

should have quieted title in Lemuel Hunter, as against plaintiffs and James Hunter, to the undivided two-thirds of the land described in Lemuel Hunter's cross bill, and have decreed that the sums found due the plaintiffs and James Hunter from Lemuel Hunter be made liens upon said undivided two-thirds of said land. Such decree will, if plaintiffs and James Hunter so elect, be entered in this court.—*Reversed.*