SHERMAN PARKER, Appellant, v. WILLIAM A. PARKER, ET AL., Appellees, JAMES M. PARKER, ET AL., Appellants.

**Wills:** RIGHTS OF WIDOW: LIFE ESTATE: DOWER. A widow may take both a life estate under a will and her distributive share under the law, unless the will declares otherwise or a different intent is clearly manifested therein. In the instant case the will is construed and held to show an intent that the life estate granted should be in lieu of her distributive share.

*Appeal from Wapello District Court.*— HON. FRANK W. EICHELBERGER, Judge.

SATURDAY, FEBRUARY 10, 1906.

SUIT in equity for the partition of real property. There was a decree fixing the interest therein of the several parties to the action and ordering partition by sale. The plaintiff and some of the defendants, whose interests are the same, appeal.— *Affirmed.*

*McElroy & McElroy,* for appellants.

*J. R. Barkley,* for appellees.

SHERWIN, J.— James A. Parker died in 1892, leaving a will that was thereafter duly probated. He left surviving him a widow, Pherryba Parker, who was his second wife, and children by both marriages. The parts of the

will material to the question for determination here are as follows:

> I give and bequeath to my wife, Pherryba Parker, during her lifetime, the following described real estate, to-wit: The S. W. ¼ of the S. E. ¼ of Sec. 6, Tp. 71, R. 14, containing 40 acres more or less; and the north part of the N. W. ¼ of Sec. 7, Tp. 71, R. 14, containing 83 acres more or less. My intention and desire being that my said wife shall have the entire use and control of the above described land as long as she may live. Upon the death of my wife, Pherryba Parker, I desire and direct that equitable tombstones, to cost not less than $25 each be erected to the graves of each of the following persons, viz.: My wife, Pherryba Parker, my daughters Elizabeth H. Thompson, Emily Ann Thompson, Minnie Randall, my son John W. Parker, and also one at my own grave similar to the above, unless such tombstones are erected before that time; and I desire and direct that the money necessary to pay for the above tombstones be realized by sale of the above described land, unless the heirs and legatees hereinafter mentioned agree to and do pay the same in equal shares. Upon the death of my wife, Pherryba Parker, I desire and direct that the above described land shall be divided in equal shares between my children, viz.: James Madison Parker, Charles Parker, Sherman Parker, Mamie Parker, Lillie W. Parker, William Parker, Caroline Wood, and the children of my deceased daughters Emily Ann Thompson and Elizabeth H. Thompson.

Soon after the will was probated the widow filed an election to accept the provisions therein made for her; but in the same instrument she also declared her intention to retain as her absolute property her distributive share under the statute. She used the property under the life estate given her by the will until her death in 1904. She died intestate, and this suit was brought to partition the land described in the will of James A. Parker; her children, the appellants, claiming that she took an undivided one-third in fee under the statute as well as a life estate under the will, and that they alone are entitled to such distributive share

in addition to equal shares in the remaining two-thirds of the estate under the provisions of the will. Concisely stated, they contend that their mother took under the statute and under the will.

It is the settled rule in this state that a widow may take a life estate under a will, and also her distributive share under the law, unless the taking of the latter will be so incompatible with the provisions of the will as to " disturb, defect, interrupt, or disappoint " them. *Hunter v. Hunter,* 95 Iowa, 728, and cases cited; *In re Estate of Franke,* 97 Iowa, 704. In other words, the widow may so take unless the will declares otherwise, or unless a different intent be clearly manifested therein. But when the will clearly indicates the intent that the devise shall be in lieu of the distributive share the widow cannot take both, and if she elects to take under the will, as she did in this case, her declaration that she also claimed her distributive share under the law is of no consequence.

The controlling principle in all of the cases, which have allowed the widow to take under the will and under the law at the same time, is that her claim is not inconsistent or incompatible with the terms of the will. With this thought in mind, it is at once apparent that an application of the rule to a particular case depends wholly upon the will under consideration, and cannot be controlled by cases construing wills with different provisions.

Correctly analyzed, does the will in question clearly show an intent that the widow shall take a life estate in lieu of her distributive share under the law? We think it does. In the first place it describes the land with particularity, and it was all of the land owned by the testator, and expressly limits the widow's estate therein. It further provides for the erection of tombstones, after his wife's death, at her grave and at the graves of himself and four of his children, and directs that " the money necessary to pay " for such stones " be realized by sale of the above-described

land "; that is, by a sale of the specific land described in
the will and all thereof, if necessary — the identical land
in which he had given the life estate, and in which the
widow also claimed a distributive share.    Moreover, an-
other clause of the will directs that upon the death of the
widow all of the land so particularly described " be divided
in equal shares, between my children," naming all of his
living children by both marriages, " and the children of
my deceased daughters," etc.    Construing these provisions
of the will together, it is entirely clear to us that it was
the intent of the testator that the life estate provided for
his widow should be in lieu of her distributive share, for
it would be impossible to sell or to divide the entire tract if
one-third thereof was taken by the widow under the law.
There was in the first a plain direction for the sale of all
of the land, and not merely an interest therein; and in
the second, the devise to his children and grandchildren
embraces the entire body of land described.    The cases
more nearly in point in the application of the rule which
we have referred to are, *Snyder v. Miller, Ex'r, et al.,* 67
Iowa, 261; *Cain v. Cain,* 23 Iowa, 31; *Severson v. Sever-
son,* 68 Iowa, 656.    Although it is not exactly in point, see,
also, *Van Guilder v. Justice,* 56 Iowa, 669.

We freely admit that some of the cases cited by the
appellants in support of their contention come dangerously
near the dividing line in the application of the rule; but
none of them construe an instrument precisely like the one
before us now, and hence we do not deem them controlling.
They are *Sully v. Nebergall,* 30 Iowa, 339; *Mettler v.
Wiley,* 34 Iowa, 214; *Watrous v. Winn,* 37 Iowa, 72; *Pot-
ter v. Worley,* 57 Iowa, 66; *Corriell v. Ham,* 2 Iowa, 552;
and the later cases which we have cited herein.

We are confident that the judgment below is right,
and it is *affirmed.*